# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | | |
|---|---|---|
| Twanda Marshinda Brown, et al, | ) | Civil Action No. |
| | ) | |
| Plaintiffs, | ) | 3:17-1426-MBS-SVH |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| Lexington County, South Carolina, et al., | ) | **ON DECLARATORY AND INJUNCTIVE** |
| Defendants. | ) | **RELIEF CLAIMS** |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## STATEMENT

Defendants have moved for summary judgment regarding Plaintiffs' claims for declaratory and injunctive relief on the grounds that such claims by Plaintiffs are either moot and do not set forth an existing case or controversy, or if not moot, would require intervention by this Court in ongoing state criminal proceedings, as prohibited by *Younger v. Harris,* 401 U.S. 37 (1971).

In this action, Plaintiffs have made the attention-getting, but completely erroneous, statement that Lexington County "is home to a modern-day debtors' prison." Amended Complaint, ¶ 1. That Dickensian term, "debtors' prison," arose in the context of imprisonment for civil or private debt. The present case, by contrast, involves imprisonment as part of alternative sentences when the convicted persons fail to pay fines.

It is axiomatic that imprisonment for failure to pay criminal fines does not constitute "imprisonment for debt." The Supreme Court held long ago that statutes prohibiting imprisonment for debt

> were not intended to take away the right to enforce criminal statutes . . ..
> It was not the purpose of this class of legislation to interfere with the enforcement of . . . penal statutes . . .[;] such laws are rather intended to prevent the commitment of debtors to prison for liabilities arising upon their contracts.

*Freeman v. United States,* 217 U.S. 539, 544 (1910).

That mischaracterization aside, the claims for which Plaintiffs seek declaratory and injunctive relief no longer involve live cases or controversies, because most of the criminal proceedings detailed in the Amended Complaint have ended. To the extent to which those proceedings have not ended, Plaintiffs' claims run afoul of the abstention doctrine in *Younger v. Harris,* 401 U.S. 37 (1971), because the relief sought would inject this Court into ongoing criminal proceedings.

In their Amended Complaint, ECF No. 20, Plaintiffs assert five causes of action for declaratory and injunctive relief, as follows:

> Claim 1: Incarceration Without Pre-deprivation Ability-to-Pay Hearing
>
> Claim 2: Failure to Afford Assistance of Counsel
>
> Claim 3: Unconstitutional Seizure
>
> Claim 7: Incarceration Without Pre-deprivation Ability-to-Pay Hearing (Plaintiff Goodwin only)
>
> Claim 8: Failure to Afford Assistance of Counsel (Plaintiff Goodwin only)

Essentially, Plaintiffs claim that with regard to Plaintiffs or those whom they allege are similarly situated, the Defendants should be enjoined from (1) allegedly failing to conduct pre-deprivation ability-to-pay hearings, (2) allegedly failing to afford notice of the right to

appointment of counsel or to afford assistance of counsel, and (3) allegedly improperly incarcerating such persons.

All of these claims face insuperable obstacles to their being presented to this Court in this case. If the criminal proceedings are still proceeding against any of the Plaintiffs, their claims are barred by *Younger, supra.* If the criminal proceedings against them have ended, then their claims based on events in those cases are moot, and no longer involve live cases or controversies. Plaintiffs have no standing to seek to enjoin future conduct, because it must be assumed that "[plaintiffs] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by petitioners." *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974).

## FACTS

As set forth in detail in the affidavit of Colleen Long, attached as Exhibit 1, the criminal proceedings pertaining to most of the seven Plaintiffs have ended.[1] They were sentenced to pay fines or serve jail sentences. Once they failed to pay the fines or make other arrangements, they were arrested and jailed as a result of their alternative jail sentences. After the terms of their sentences had run, they were released. Having served the alternative of jail time, they were no longer subject to having to pay fines for those offenses, and their sentences for those offenses were therefore completely satisfied. As a result, they no longer faced future arrest or jail time for those offenses. This is true for six of the seven Plaintiffs: Twanda Brown, Amy Marie Palacios,

---

[1] Because the facts set forth in the affidavit do not appear to be reasonably subject to dispute, and indeed for the most part have been alleged in the Amended Complaint, the underlying records have not been attached to the affidavit. If Plaintiffs suggest that any facts in the affidavit are incorrectly stated, pertinent records will be submitted via reply affidavit.

Cayeshia Johnson, Sasha M. Darby, Nora Ann Corder, and Raymond Wright, Jr.[2] The one exception is Xavier Goodwin, who was sentenced on April 4, 2017 to <u>both</u> jail time and the payment of a fine for driving under suspension, 3rd offense. His jail time has been served. With respect to the fine, on May 5, 2017, he signed a payment plan requiring him to make payments of $100 per month, starting on June 5, 2017. He has not made any payments pursuant to that plan, and as a result could be subject to a bench warrant and arrest for that failure.

None of the Plaintiffs sought to raise in the state proceedings the claims which they seek to present in this Court, even though their counsel were well aware that the criminal proceedings against at least some of the Plaintiffs were still ongoing. It is noteworthy that the two primary cases on which Plaintiffs rely for their substantive claims, *Bearden v. Georgia*, 461 U.S. 660 (1983) and *Argersinger v. Hamlin*, 407 U.S. 25 (1972)(both cited at p. 10 of Plaintiffs' class certification memorandum), both reached the Supreme Court via appeals in the individual state cases.

### ARGUMENT

**1.    The claims of the six Plaintiffs whose state proceedings have ended no longer present live cases or controversies.**

As indicated by the factual summary above, the proceedings relating to six of the seven Plaintiffs, the only exception being Mr. Goodwin, have ended. Those Plaintiffs' sentences have been satisfied.

In Paragraph 426 of the Amended Complaint, Plaintiffs assert that "To the extent they are not currently incarcerated, Class members (including Plaintiffs Goodwin and Wright) face a

---

[2] Ms. Johnson still owes at least $905 in fines for three offenses which did not carry the alternative of jail time. However, the method of enforcing such fines and offenses is not via incarceration, but instead is by reporting them to DMV, which then suspends the driver's license of the offender pursuant to S.C. Code Ann. §§ 56-25-10, et seq. .

4

substantial and imminent threat of being arrested and incarcerated for nonpayment of magistrate court fines and fees . . . ." In fact, none of them are currently incarcerated, the last of them, Mr. Wright, having completed his sentence on August 1, 2017. As a result, their claims for declaratory and injunctive relief have become moot, and no longer present a live case or controversy. Plaintiffs' claim of a "substantial and imminent threat of being arrested and incarcerated for nonpayment of magistrate court fines and fees" is based on an assumption which the courts have consistently declined to entertain, that is, the assumption that a person will re-offend. To the contrary, it must instead be assumed that "[plaintiffs] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by petitioners." *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974). *O'Shea,* a landmark case in the area of standing and case or controversy, is still in full force and effect today. *See, e.g., Simic v. City of Chicago,* 851 F.3d 734, 738 (7th Cir. 2017).

*O'Shea* involved plaintiffs who alleged a continuing pattern and practice of conduct consisting of illegal bond, sentencing, and jury fee practices in criminal cases. They did not challenge any substantive criminal statute, just as the plaintiffs in the present case do not claim that the substantive traffic laws they have violated are in any way invalid. The Supreme Court in *O'Shea* summarized in just a few lines the reasons why those plaintiffs, and those in the present case as well, cannot present their claims in a federal action:

> Neither the complaint nor respondents' counsel suggested that any of the named plaintiffs at the time the complaint was filed were themselves serving an allegedly illegal sentence or were on trial or awaiting trial before petitioners. Indeed, if any of the respondents were then serving an assertedly unlawful sentence, the complaint would inappropriately be seeking relief from or modification of current, existing custody. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, if any were then on trial or awaiting trial in state proceedings, the complaint would be seeking injunctive relief that a federal court should not provide. *Younger v. Harris*, 401 U.S. 37 (1971).

*O'Shea*, *supra,* 414 U.S. at 496. The Court went on to say that "What [plaintiffs] seek is an injunction aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials. . . . This seems to us nothing less than an <u>ongoing federal audit of state criminal proceedings</u> which would indirectly accomplish the kind of interference that *Younger v. Harris, supra*, and related cases sought to prevent." *Id.* at 500 (emphasis added). Again, this describes with precision the kind of relief sought by the plaintiffs in the present case. For these reasons, it is abundantly clear that the six plaintiffs whose criminal prosecutions have ended no longer have standing to bring their declaratory and injunctive relief claims in the present action. For the same reasons, those claims are moot and do present a live case or controversy.

    **2.**    **The abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), bars this Court's consideration of the claims of the one Plaintiff (Goodwin) whose pending charges have not been completely resolved.**

Only one Plaintiff, Xavier Goodwin, has not completely satisfied the criminal charges set forth in the Amended Complaint. He still owes $2,100 or more in fines and fees based on his conviction for DUS, 3rd offense, and he has not made any of his scheduled time payments. The proceedings against him have therefore not ended, but instead are still ongoing.

While the fact that Plaintiff Goodwin's state criminal case remains ongoing means that it does involve a live case or controversy, the declaratory and injunctive relief claims of Plaintiff Goodwin cannot be asserted in this Court because they would require the court to insert itself into an ongoing criminal prosecution, in violation of the precepts of *Younger v. Harris, supra,* as already indicated by the quote from *O'Shea, supra.*

In *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982), the Supreme Court articulated a three-prong test for determining when a federal court must

abstain from hearing a suit under *Younger*. 457 U.S. at 432. A federal court must abstain from hearing a suit if deciding the merits of the suit would interfere with a state proceeding that is: (1) On-going, (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal questions.

All three of these requirements are met in the present case. As to the first requirement, there is no question that the DUS, 3rd offense, proceeding against Plaintiff Goodwin is still ongoing, because the sentence has not yet been satisfied. As to the second requirement, violations of state traffic laws implicate an important state interest-the safety of its roadways. *See Mackey v. Montrym*, 443 U.S. 1, 17 (1979)(stating that the state has a paramount interest in preserving the safety of its public highways). Moreover, traffic court cases are included among the kinds of state criminal proceedings to which *Younger* abstention applies. *See, e.g., Gorenc v. City of Westland*, 72 F. App'x 336, 338 (6th Cir. 2003)(speeding ticket). Finally, there can be no question that if a bench warrant is issued for his arrest, Mr. Goodwin either previously has had, or would eventually have an adequate opportunity to raise some, if not all, of his current challenges in the context of the state proceedings, and he would have an army of lawyers to help him if his current counsel were to appear in any such proceeding.[3] Indeed, one of the allegations in the Amended Complaint is that public defenders are not assigned "to meet with indigent people incarcerated in the Detention Center under bench warrants." Amended Complaint, ¶ 11.[4]

---

[3] Non-habeas claims of denials of right to counsel in a state case cannot be made in federal court. *See, e.g., Jones v. Crosby,* 137 F.3d 1279, 1280 (11th Cir. 1998). citing the *Rooker-Feldman* doctrine *(District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Reece v. Whitley*, 2016 WL 705265, at *5 (M.D. Tenn. Feb. 23, 2016), report and recommendation adopted, 2016 WL 5930886 (M.D. Tenn. 2016).

[4] It should also be noted that *Younger* has been held to bar challenges in federal court to the adequacy of a state's indigent criminal defense system. *Luckey v. Miller*, 976 F.2d 673 (11th Cir. 1992).

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' claims for declaratory and injunctive relief should be dismissed.[5]

                                                                                    BY:  *s/ Kenneth P. Woodington*
                                                                                     WILLIAM H. DAVIDSON, II, Fed. I.D. No. 425
                                                                                     KENNETH P. WOODINGTON, Fed. I.D. No. 4741

                                                                                     DAVIDSON & LINDEMANN, P.A.
                                                                                     1611 DEVONSHIRE DRIVE, 2ND FLOOR
                                                                                     POST OFFICE BOX 8568
                                                                                     COLUMBIA, SOUTH CAROLINA 29202-8568
                                                                                     wdavidson@dml-law.com
                                                                                     kwoodington@dml-law.com
                                                                                     T: 803-806-8222
                                                                                     F: 803-806-8855

                                                                                     ATTORNEYS for Defendants

Columbia, South Carolina

August 18, 2017

---

[5] The Defendants against whom damages are sought will soon move for summary judgment on the damage claims as well, based on, among other things, judicial immunity and the absence of policies such as Plaintiffs allege to be in existence.