IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Twanda Marshinda Brown; Sasha Monique Darby; Cayeshia Catel Johnson; Amy Marie Palacios; Nora Ann Corder; Xavier Larry Goodwin; and Raymond Wright, Jr., on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>Lexington County, South Carolina; Gary Reinhart, in his individual capacity; Rebecca Adams, in her official and individual capacities as the Chief Judge for Administrative Purposes of the Summary Courts in Lexington County and in her official capacity as the Judge of the Irmo Magistrate Court; Albert John Dooley, III, in his official capacity as the Associate Chief Judge for Administrative Purposes of the Summary Courts in Lexington County; Bryan Koon, in his official capacity as the Lexington County Sheriff; and Robert Madsen, in his official capacity as the Circuit Public Defender for the Eleventh Judicial Circuit of South Carolina,<br><br>                Defendants. | C/A No. 3:17-cv-1426-MBS<br><br><br><br><br><br><br><br>OPINION AND ORDER |

This matter is now before the court on Defendants' motion for reconsideration pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 59 filed on April 24, 2018, ECF No. 87, and Defendant Lexington County's supplemental motion for reconsideration filed on April 21, 2018, ECF No. 88. Plaintiffs filed an opposition to Defendants' motion and supplemental motion for reconsideration on May 3, 2018, ECF No. 93, to which Defendants filed a reply on May 10, 2018. ECF No. 97.

I.  STATEMENT OF THE CASE

A detailed recitation of this matter's relevant factual and procedural background can be found in the order entered on March 29, 2018 (the "March order"), and incorporated herein by

1

reference. ECF No. 84. Briefly, this case involves claims by Plaintiffs Twanda Marshinda Brown; Sasha Monique Darby; Cayeshia Cashel Johnson; Amy Marie Palacios; Nora Ann Corder; Xavier Larry Goodwin; and Raymond Wright, Jr. (hereinafter collectively "Plaintiffs"), against Defendant Lexington County of South Carolina (hereinafter "Lexington County"); Defendants Gary Reinhart,[1] Rebecca Adams,[2] and Albert John Dooley, III,[3] as former or current Judges for Administrative Purposes of the Summary Courts in Lexington County and the Irmo Magistrate Court (hereinafter "Judicial Defendants"); Defendant Bryan Koon as the Lexington County Sheriff (hereinafter "Koon");[4] and Defendant Robert Madsen as the Circuit Public Defender for the Eleventh Judicial Circuit of South Carolina (hereinafter "Madsen") (hereinafter collectively "Defendants").[5] According to Plaintiffs, magistrate courts in Lexington County routinely incarcerate indigent defendants who are unable to afford magistrate court fines and fees without pre-deprivation ability-to-pay hearings or representation by counsel. Pursuant to 42 U.S.C. § 1983, Plaintiffs allege violation of their constitutional rights under the Fourth, Sixth, and Fourteenth

---

[1] Defendant Gary Reinhart served as the Chief Judge for Administrative Purposes of the Summary Courts in Lexington County from 2004 through June 27, 2017. Second Amended Compl. ¶ 27. Defendant Gary Reinhart is currently a Magistrate Judge for Lexington County, South Carolina. *Id*.

[2] Defendant Rebecca Adams served as the Associate Chief Judge for Administrative Purposes of the Summary Courts in Lexington County, South Carolina from December 20, 2013 to June 27, 2017. Second Amended Compl. ¶ 28. Defendant Adams currently serves as the Chief Judge for Administrative Purposes of the Summary Courts in Lexington County and as the Judge of the Irmo Magistrate Court. *Id*. ¶¶ 28-29.

[3] Defendant Albert John Dooley, III currently serves as the Associate Chief Judge for Administrative Purposes of the Summary Courts in Lexington County, South Carolina. Second Amended Compl. *Id*. ¶ 30.

[4] Defendant Bryan Koon serves as the elected Lexington County Sheriff; the Chief Law Enforcement Office of the Lexington County Sheriff Department; and the Chief Administrator of the Detention Center. Second Amended Compl. ¶ 31.

[5] Defendant Robert Madsen, is the Circuit Public Defender for the Eleventh Judicial Circuit in South Carolina that includes Lexington County. Second Amended Compl. ¶ 32.

Amendments. Plaintiffs seek class certification, damages, and declaratory and injunctive relief against Defendants.

In the March order, the court declined to adopt the Magistrate Judge's Report and Recommendation (ECF No. 74). The court also denied Plaintiffs' motion to certify class without prejudice (ECF No. 21); denied Defendants' motion for partial summary judgment as to declaratory and injunctive relief (ECF No. 29); and denied Defendants' motion for summary judgment on damages claim without prejudice (ECF No. 50). *See* March order, ECF No. 84. The court found that there were genuine issues of material fact as to the application of Chief Justice Beatty's Memorandum in magistrate courts and whether the alleged conduct could not reasonably be expected to recur. *Id*. at 27-28. The court further found that there were genuine issues of material fact as to whether Defendants are entitled to judicial and quasi-judicial immunity. *Id*. at 28-29. The court then recommitted the matter to the Magistrate Judge for further pretrial handling. *Id*. at 29.

## II. LEGAL STANDARD

Fed. R. Civ. P. 54(b) provides the following:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Under Rule 54(b), the district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree

is subject to reopening at the discretion of the district judge"). "The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are 'not subject to the strict standards applicable to motions for reconsideration of a final judgment.'" *Sanders v. Lowe's Home Ctr.*, C/A No. 0:15-cv-02313-JMC, 2016 WL 5920840, at *2 (D.S.C. Oct. 11, 2016) (citing *Am. Canoe Ass'n*, 326 F.3d at 514)); *see also Fayetteville Inv'r v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (noting that the court found it unnecessary to thoroughly express its views on the interplay of Rules 54, 59, and 60). "In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance." *Sanders*, 2016 WL 59202840, at *2. "Therefore, reconsideration under Rule 54(b) is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Id*. (citing *Beyond Sys., Inc. v. Kraft Foods, Inc.*, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an [ ] interlocutory order.") (citing *Am. Canoe Ass'n*, 326 F.3d at 514)).

### III. DISCUSSION

#### A. Defendants' motion for reconsideration

Defendants seek reconsideration on two grounds. ECF No. 87-1. First, Defendants assert that the court overlooked Defendants' motion for partial summary judgment on Plaintiffs' claims for declaratory and injunctive relief (ECF No. 29). *Id*. at 5-8. Defendants note that "the basis for the motion was that the claims of all but one Plaintiff were moot and no longer involved live cases or controversies, and the claims of that one remaining Plaintiff [Goodwin], who still had (and has)

4

a criminal action pending against him are barred by the principles of *Younger v. Harris*, 401 U.S. 37 (1971)." ECF No. 87-1 at 1. Defendants argue that "there can be no question that if a bench warrant is issued for his arrest, Mr. Goodwin either previously has had, or would eventually have an adequate opportunity to raise some, if not all, of his current challenges in the context of the state proceedings, and he would have an army of lawyers to help him if his current counsel were to appear in any such proceedings." ECF No. 29-1 at 7.

Second, Defendants argue that the court did not address or consider the additional evidence submitted by Defendants in their reply to Plaintiffs' objections to the Report and Recommendation. ECF No. 87-1 at 8. Defendants assert that they attached to their reply detailed revisions to forms and procedures by the South Carolina Court Administration, which were formalized by orders signed by Chief Justice Beatty. ECF No. 87-1 at 8. The additional evidence submitted by Defendants included a Memorandum by the South Carolina Court Administration outlining the procedures discussed at the Mandatory Program meeting on November 1, 2017, regarding the sentencing of unrepresented defendants to imprisonment. ECF No. 82-1 at 2. It also included a "Checklist for Magistrates and Municipal Judges" signed by Chief Justice Beatty, along with changes to forms for use by Magistrates and Municipal Judges. ECF No. 82-1 at 10-22. Defendants further assert that "at the annual mandatory program for summary court judges on November 1, 2017, the office of court administration set forth the practical requirements of the Chief Justice's Memorandum in considerable detail." ECF No. 87-1 (citing ECF No. 82-1, *Court Administration Memorandum*, dated Mar. 14, 2018)). Defendants note that Chief Justice Beatty on February 23, 2018, also "signed two administrative orders further implementing those procedures, and promulgating a total of seven new or revised forms intended to ensure that imprisonment does not occur unless the [defendants are] 'informed of their right to counsel, and if indigent, their right to

court-appointed counsel prior to proceeding with trial.'" ECF No. 87-1 at 9. Defendants argue that together these changes "are all directed toward insuring that no one is incarcerated for summary-court-level offenses in the absence of being informed of the right to counsel in a meaningful manner." ECF No. 87-1 at 9-10.

Defendants argue that even "if such noncompliance still persists, which seems unlikely in view of the extensiveness of the state judicial system's efforts, Plaintiffs' counsel would be able to identify it without the need for discovery from Defendants." *Id*. As such, Defendants argue that "if Plaintiff's counsel, in opposition to the present motion, cannot point to any cases in Lexington County in which the problem persists, then Plaintiffs' claims for prospective relief should be dismissed based on mootness resulting from the remedial action of the Chief Justice and the South Carolina Court Administration." *Id*. at 11.

B. **Defendants' Supplemental Motion for Reconsideration**

Defendants Lexington County and Madsen separately request that this court reconsider the March order on several grounds. ECF No. 88-1. First, Defendant Lexington County requests that the court clarify that Defendant Madsen should be dismissed from the case. *Id*. at 1. In support thereof, Defendant Lexington County contends that "the Magistrate Judge noted that 'the parties do not dispute that [public defender] Madsen is an agent of Lexington County.'" *Id*. "Because Plaintiffs have asserted the same causes of action against Lexington County and Madsen, the claims against Madsen are duplicative, and the undersigned recommends Madsen be dismissed from the case." *Id.* at 1 (citing ECF No. 74 at 20). Second, Defendant Lexington County argues that "the damages claims against Lexington County were barred for the following reasons other than the immunity grounds: (1) all of Plaintiffs' damages claims are barred by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) and the *Rooker-Feldman* doctrine; (2) as a matter

6

of law Lexington County could not have created the policies alleged by Plaintiffs to exist with regard to matters occurring in the adjudicated cases of individuals; and (3) Plaintiffs' damages claims against Lexington County based on underfunding of the public defender system are barred for lack of causation, because even if public defender systems did not exist, a magistrate judge would still be able to appoint counsel for indigent persons from members of the bar. In addition, no case has ever held that a federal damage claim lies against a county or municipal entry for failure to fund appointed counsel." ECF No. 88-1 at 2.

### C. Plaintiffs' opposition to Defendants' motions for reconsideration

As to mootness, Plaintiffs acknowledge that Plaintiff Wright's arrest and incarceration "within days of filing his claims in this action eliminated the case or controversy between him and Defendants with respect to his claims for prospective relief." ECF No. 93 at 11. However, Plaintiffs argue that because Wright "was arrested and incarcerated for nonpayment "after" filing his prospective relief claims, he is allowed to pursue prospective relief on behalf of the proposed class under a long-standing exception to the mootness doctrine established in *Gerstein v. Pugh*, 420 U.S. 103 (1975), for claims that are "inherently transitory." ECF No. 93 at 13.

Plaintiffs argue that the court should decline to exercise *Younger* abstention as to Plaintiff Goodwin's prospective relief claims. *Id*. Plaintiffs assert that Goodwin's criminal prosecution concluded with his conviction and "there is simply no state court criminal proceeding to which this court should defer, much less one in which Goodwin could raise the serious constitutional claims for prospective relief from unlawful arrest and incarceration that he raised in this action." ECF No. 93 at 14. Plaintiffs argue that although Plaintiff Goodwin "[o]wes money to the Irmo Magistrate Court, it is undisputed that Mr. Goodwin's criminal prosecution concluded with his

conviction and sentence in that court months before the commencement of this action, and that there was no appeal." *Id*.

Finally, Plaintiffs argue that the court correctly declined to find the documents submitted by Defendants satisfy the "formidable" burden of proof necessary to demonstrate mootness of Plaintiffs' claims. ECF No. 93 at 14. Plaintiffs argue that "the burden lies with Defendants to present evidence that the specific conduct challenged by each of Plaintiffs' claims for prospective relief cannot reasonably be expected to recur in order to secure dismissal of these claims on mootness grounds." *Id*. at 15. Plaintiffs assert that "not one of the documents is addressed to Defendant Lexington County or concerns the County's provision and funding for indigent defense in magistrate courts." *Id*. at 15-16. Plaintiffs further argue that "there remain numerous questions of fact as to whether the OCA [Office of Court Administration] Memorandum or the revised forms and orders of the Supreme Court of South Carolina have resulted in any changes to the individual Defendants' maintenance of standard operating procedures, which cause the automatic, unlawful arrest and incarceration of indigent people for nonpayment of money owed to magistrate courts without pre-deprivation ability to pay-hearing or court appointment of counsel, and based on warrants unsupported by probable cause." *Id*. at 16.

**D. Defendants' reply**

Defendants argue that Plaintiff Goodwin's claim is barred by *Younger* and no factual information is necessary through discovery with regard to this claim. ECF No. 97 at 2. Defendants further argue that *Younger* would bar the application of Plaintiffs' "inherently transitory" exception to mootness, because a federal court cannot enter declaratory or injunctive relief in a case involving an active state criminal prosecution. *Id*. Therefore, Defendants argue that Plaintiffs' claims for declaratory and injunctive relief are either moot or barred by *Younger*. *Id*. Moreover,

Defendants maintain that even if the reasons set forth above were not enough to lead to the dismissal of the declaratory and injunctive relief claims, Defendants have also shown "a deep and serious commitment by the Chief Justice of South Carolina and South Carolina Court Administration to prevent future instances of incarceration in the absence of counsel being made available." *Id*. at 2.

### E. Court's Analysis

#### a. Defendants' motion for reconsideration

##### 1. Mootness

"Mootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a "case or controversy." *Warren v. Sessmons & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012). A case is moot when "the issues presented are no longer live or the parties lack legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980). The Supreme Court has held that a class plaintiff's standing will relate back to the filing of the complaint if the claims asserted are "so inherently transitory that the trial court will not have enough time to rule on a motion for class certification before the proposed representative's interest expires." *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991); *see also Swisher v. Brady*, 438 U.S. 204, 98 (1978) (affirming a district court's decision to certify a class of juveniles involved in the juvenile court system despite the fact that the named plaintiff's claims were moot at the time of the decision).

Because Plaintiff Goodwin still has a criminal action pending, his claims for declaratory and injunctive relief are not moot. *See* ECF No. 93 at 12, ECF No. 29-1 at 6, ECF No. 87-1 at 6. The court finds that Defendants' motion for reconsideration is denied as to this issue.

The court agrees with Plaintiff Wright's argument that his claims for declaratory and injunctive relief may proceed on behalf of the proposed class under the "inherently transitory" exception to the mootness doctrine as established by the Supreme Court in *Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975). The Supreme Court held in *Gerstein* that claims challenging pretrial detention conditions were not moot, even though the named plaintiffs were no longer pretrial detainees, because "[p]retrial detention is by its nature temporary," and "[i]t is by no means certain that any given individual, named as plaintiff would be in pretrial custody long enough for a district judge to certify the class." Following the reasoning of *Gerstein*, the court in *Olson v. Brown*, 594 F.3d 577 (7th Cir. 2010), held that a case brought by an inmate of a county jail did not become moot when the inmate was released from custody due to the "inherently transitory" exception to the mootness doctrine. In *Olson*, the Seventh Circuit clarified that for the "inherently transitory" exception to apply, a plaintiff must show: (1) it is uncertain that a claim will remain live for any individual who could be named as plaintiff long enough for a court to certify class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint. *Olson*, 594 F.3d at 582. Additionally, the *Olson* court recognized that "the length of incarceration in a county jail generally cannot be determined at the outset and is subject to a number of unpredictable factors, thereby making it inherently transitory." *Id*. The *Olson* court also noted that "while the ultimate length of confinement does affect the applicability of the 'inherently transitory' exception, the essence of the exception is uncertainty about whether a claim will remain alive for any given plaintiff long enough for a district court to certify the class." *Id*. at 582. The *Olson* court further noted, "all [Plaintiff] must show is that the claim is likely to recur with regard to the class, not that the claim is likely to recur with regard to him." *Olson*, 594 F.3d at 584.

The court finds that the declaratory and injunctive relief claims in this litigation are of the type encompassed within the "inherently transitory" doctrine. As to the first requirement of the *Gerstein* test, Plaintiff Wright filed his complaint on June 1, 2017, and was subsequently arrested and incarcerated the next month on July 25, 2017. The court finds that the brief period of time between the filing of the complaint and his incarceration was not long enough for the claim to remain live for a court to certify the class. Moreover, the duration of Plaintiff Wright's incarceration for ten days or until he paid $416.63 in court fines further demonstrates the uncertainty of whether a claim will remain live long enough for a court to certify the class. ECF No. 48 at 77. *See Zurak v. Regan*, 550 F.2d 86, 90 (2d Cir. 1977) (holding that "because of the relatively short period of time involved [90 days] and the possibility of conditional release, there was a significant possibility that any single named plaintiff would be released prior to certification"). Accordingly, the court concludes that the first element of the *Gerstein* test is satisfied.

As to the second requirement of the *Gerstein* test, the court concludes that Plaintiff Wright has shown that there will be a constant class suffering the deprivation at issue. Assuming Plaintiffs' allegations are true, the court finds that the challenged conduct is likely to occur with regard to other members of the proposed class. While Defendants inform the court of their efforts to remedy the challenged conduct, the record has not been fully established for the court to ascertain that no member of the proposed class will suffer the same deprivation. Therefore, this case meets the second requirement of the *Gerstein* test, making the "inherently transitory" exception applicable to this case.

In opposition, Defendants primarily rely on *O'Shea v. Littleton*, 414 U.S. 488 (1974). ECF No. 87-1 at 6. The plaintiffs in *O'Shea* alleged that local prosecutors, police, magistrate judges,

and associate judges were engaged in intentional and systematic discrimination against seventeen black and two white residents. *Id*. The *O'Shea* court noted that "the sole allegations of injury are that petitioners 'have engaged in and continue to engage in, a pattern and practice of conduct . . . all of which has deprived and continues to deprive plaintiffs and members of their class of their constitutional rights and, again, that petitioners have denied and continue to deny to plaintiffs and members of their class their constitutional rights by illegal bond-setting, sentencing, and jury-fee practices.'" *Id*. at 495. The *O'Shea* court found that none of the plaintiffs, however, alleged that he or she had suffered any injury as a result of these practices. *Id*. at 495. Therefore, none of the named plaintiffs purporting to represent the class established a case or controversy, and none could seek relief on behalf of himself or any other member of the class. *Id*. at 497. Further, none of the plaintiffs could show they would suffer deprivation in the future. *Id*.

In contrast to *O'Shea*, Plaintiffs allege they sustained injuries as a result of Defendants' alleged practices. *See* ECF No. 48 at 108-22. Further, at the time that Plaintiff Wright filed the complaint, he alleged a real and imminent risk of being arrested and incarcerated because of Defendants' challenged conduct. ECF No. 48 at 97-98. *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (holding that claims seeking injunctive and declaratory relief under § 1983 were not moot, despite the mooting of named plaintiffs' individual claims prior to class certification, because the claims were so inherently transitory that the court would not have enough time to rule on a motion for class certification before the purported class representatives' claims became moot). For these reasons, the court finds that Defendants' motion for reconsideration is denied as to this issue.

### 2. *Younger* abstention

In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court detailed 'our national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.'" *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citing *Younger*, 401 U.S. at 41). As the Fourth Circuit explained, "the *Younger* doctrine is anchored in a 'belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Nivens*, 444 F.3d at 241. In determining whether *Younger* abstention is warranted, courts apply a three factor test: "(1) there is an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The court notes that Plaintiffs are not seeking review of Plaintiffs' individual state criminal convictions. Rather, Plaintiffs seek a declaration that Defendants' alleged policies or practices in summary courts are unconstitutional, and an injunction enjoining those practices. *See Thana v. Board of License Comm'r for Charles Cty.*, 827 F.3d 314 (4th Cir. 2016) (holding that "if a plaintiff in federal court does not seek review of the state court judgment itself but instead presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related claim was earlier aired between the parties in state court."); *see also Bairefoot v. City of Beaufort*, C/A No. 9:17-cv-2759-RMG, 2018 WL 2272712, at *8 (D.S.C. May 16, 2018) (noting that "[p]laintiffs' claims under § 1983 are not an attempt to 'sidetrack' the direct appeal process for state convictions for shoplifting, assault, or motor vehicle violations, but rather, are claims independent of the underlying state criminal judgments"). Accordingly, the court finds that the first *Middlesex* factor is not satisfied.

As to the second *Middlesex* factor, the court concludes because the subject matter of this lawsuit pertains to Plaintiffs' constitutional rights under the Fourth, Sixth, and Fourteenth Amendments an important state interest is not implicated. The court notes that this federal action was commenced by Plaintiffs under 42 U.S.C. § 1983, to which federal courts have original jurisdiction pursuant to 28 U.S.C. § 1331. *See Thana*, 827 F.3d at 321 (holding that a federal action under 42 U.S.C. § 1983 challenging the constitutionality of a licensing board's action under the First Amendment qualifies as an independent claim that does not undermine state court judgments). Thus, the court finds that the second *Middlesex* factor is not met.

As to the final factor, the court concludes that Plaintiffs did not have an adequate opportunity to raise the subject constitutional claims in the state proceeding. The court finds that a habeas petition would have been inappropriate because Plaintiffs are not seeking release from prison, but are challenging the constitutionality of Defendants' post-conviction debt collection practices that resulted in incarceration without a pre-deprivation judicial hearing or representation by counsel. *See Wilson v. Johnson*, 535 F.3d 262, 264 (4th Cir. 2014) (holding that plaintiff's § 1983 claim for unconstitutional imprisonment is the proper vehicle to bring his claims because a habeas petition would have been inappropriate as he does not seek release from custody); *Bairefoot v. City of Beaufort*, C/A No. 9:17-cv-2759-RMG, 2018 WL 2272712, at *8 (D.S.C. May 16, 2018) (explaining that the ability of a plaintiff to challenge the constitutionality of defendants' practices through a habeas petition would have been difficult to imagine due to the short period of incarceration in a county jail); *see also Wilson*, 535 F.3d at 268 (recognizing that "if a prisoner could not, as a practical matter, seek habeas relief, and after release, was prevented from filing a § 1983 claim, § 1983's purpose of providing litigants with 'a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and

14

law of the Nations . . . would be severely imperiled.'"). Accordingly, the court finds that the final *Middlesex* factor is not satisfied.

For these reasons, the court concludes that Plaintiffs claims for declaratory and injunctive relief are not barred by the *Younger* abstention doctrine. Therefore, Defendants' motion for reconsideration is denied.

### 3. Documents

The court has reviewed Defendants' additional evidence together with the remaining record, and finds that Defendants fail to make a sufficient showing warranting reconsideration. The Supreme Court has held that the voluntary cessation of the challenged conduct moots a case only if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," and the "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the defendant." *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000). "Voluntary cessation will not render a case moot unless events have completely and irrevocably eradicated the effects of the challenged violation." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 632 (1979).

Based on the current record and as previously noted in the court's March order, issues of material fact remain as to the implementation and compliance with the remedial actions made by the South Carolina Court Administration. Indeed, Defendants acknowledge that "it was to be expected that it would take some time for the practical effects of the Chief Justice's memorandum to be understood and implemented by summary court judges." ECF No. 87-1 at 9. Accordingly, Defendants' motion for reconsideration is denied.

### a. Defendants' supplemental motion for reconsideration

Defendant Lexington County and Madsen seek reconsideration of the March order on several grounds. ECF No. 88. The court notes that on May 16, 2018, the parties submitted a stipulation of voluntary dismissal of Defendant Madsen pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). ECF No. 100. The parties agreed that Defendant Madsen is dismissed without prejudice and without an award of fees and costs to any parties. *Id*. at 1. The parties further agreed that "this stipulation does not affect any claim against any other named Defendant in this case." *Id*. In light of Defendant Madsen's voluntary dismissal, the court will only address Defendant Lexington County's arguments for reconsideration.

With regard to Defendants' argument that the damages claims are barred by the principles set forth in *Heck v. Humphrey* and the *Rooker-Feldman* doctrine, the court is persuaded by the reasoning in *Bairefoot v. City of Beaufort, South Carolina*, C/A No. 9:17-2759-RMG, 2018 WL 2272712 (D.S.C. May 16, 2018). In *Bairefoot*, unrepresented indigent plaintiffs alleged that municipal court judges sentenced them to jail for the inability to pay court fees and costs. *Id*. at *1-2. The court in *Bairefoot* addressed the relationship between the *Rooker-Feldman* doctrine, *Heck*, and claims based on underfunding of the public defender system. The *Bairefoot* court concluded that neither *Heck* nor the *Rooker-Feldman doctrine* would bar the plaintiffs' claims under § 1983, because these claims are independent of their state court judgment and seek only "to force two South Carolina municipalities to comply with the Constitution's requirement to provide counsel for indigent defendants appearing in criminal courts created and managed by those municipalities, and to remedy the municipalities' past failure to meet that basic constitutional requirement." *Id*. at *8. The *Bairefoot* court also noted that the municipalities' failure to provide counsel is actionable under federal law. *Id*. at *5 ("A deliberate decision to create criminal courts

that operate without providing counsel to indigent defendants is actionable under § 1983.") (citing to *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963) (holding the right to counsel "is made obligatory upon the States by the Fourteenth Amendment")). With respect to the underfunding of the public defender system and whether the municipal judges should have ordered some member of the bar to represent indigent defendants, the *Bairefoot* court held that "it was foreseeable that Defendants' failure to provide for indigent defense in courts of their own creation, as required by state law, would result in a violation of the Sixth Amendment." *Id*. at *6. The *Bairefoot* court further noted that in "a counter factual hypothesis that the municipal judges appointed by defendant might have intervened to prevent an ongoing constitutional violation known to defendants does not make the violation unforeseeable." *Id*. at *6. For these reasons, the *Bairefoot* court denied defendant's motion to dismiss.

Based on the reasoning and identical arguments raised by Defendant Lexington County, Defendant Lexington County's supplemental motion for reconsideration is denied. Moreover, the court finds that Defendants have failed to make a sufficient showing that there has been a change in the controlling law, the introduction of new evidence justifying reconsideration, or that the court committed a clear error in its March order. Accordingly, Defendants' motion for reconsideration and Defendant Lexington County's supplemental motion for reconsideration is denied.

## IV. CONCLUSION

For the reasons stated above, the court hereby DENIES Defendants' motion for reconsideration, ECF No. 87, and Defendant Lexington County's supplemental motion for reconsideration, ECF No. 88.

                                                   /s/ Margaret B. Seymour
Dated: July 9, 2018                             Margaret B. Seymour
Columbia, South Carolina              Senior United States District Judge