**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Tawanda Marshinda Brown, et al., )<br>On Behalf of Themselves and Others )<br>Similarly Situated, )<br>                                                          )<br>Plaintiffs, )<br>v. )<br>                                                          )<br>Lexington County, South Carolina, et al., )<br>                                                          )<br>Defendants. )<br>_____ ) | Civil Action No. 3:17-cv-01426-MBS-SVH<br><br>**ORDER AND OPINION** |

On June 1, 2017, Plaintiffs filed this putative class action against Defendants Lexington County, South Carolina, et al. ECF No. 1. Plaintiffs allege violations of the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution because unrepresented individuals are being detained in the Lexington County Detention Center as a result of their failure to pay Lexington County Magistrate Court fines and fees. Plaintiffs seek to certify a class of "[a]ll indigent people who currently owe, or in the future will owe, fines, fees, court costs, assessments, or restitution in cases handled by Lexington County magistrate courts." ECF No. 5-1 at 7.

On March 11, 2020, Dr. Marie Assa'ad-Faltas ("Dr. Faltas") filed an emergency motion to intervene and to be declared a state-wide class representative. ECF No. 144. Dr. Faltas states that she is "at risk of a 30 day-incarceration in a South Carolina short-term detention facility. . . ." Id. at 1. Dr. Faltas states that she is at risk of contracting COVID-19 in the facility. Dr. Faltas alleges she will possibly be subject to a short term of incarceration for violating a City of

1

Columbia, South Carolina ordinance.[1] ECF No. 144-1 at 3. Plaintiffs filed a response in opposition on March 25, 2020. ECF No. 146. Dr. Faltas replied to Plaintiffs' response on April 1, 2020. ECF No. 149 at 1. Defendants also filed a response in opposition on April 15, 2020. ECF No. 152. Dr. Faltas filed reply to Defendants' response on April 24, 2020. ECF No. 154.

Rule 24(a) of the Federal Rules of Civil Procedure, which governs intervention as a matter of right, provides that the court must allow an individual to intervene who is "given an unconditional right to intervene by a federal statute . . . or claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). To show that he or she has an interest in the litigation, a party seeking to intervene "must meet all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999). Rule 24(b), which governs permissive intervention, provides that an individual may intervene if he or she "is given a conditional right to intervene by a federal statute . . . or has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

Regarding Rule 24(a), Dr. Faltas has not shown that she has an interest in the subject matter of the litigation, that the denial of her motion to intervene would impair or impede her

---

[1] Dr. Faltas was charged with violating a City of Columbia ordinance for allegedly failing to clean her property. ECF Nos. 144-1 at 3, 149 at 1.

2

ability to protect her interests, and that her interests are not adequately represented by the class members. Dr. Faltas does not have an interest in the matter because the putative class Plaintiffs only bring allegations regarding the Lexington County Magistrate Court system. As Plaintiffs assert, Dr. Faltas only alleges that she might one day get arrested in Lexington County, not that she is currently facing the possibility of being incarcerated in the Lexington County Detention Center. ECF No. 146 at 2. Furthermore, in her reply to Plaintiffs' response to her motion, Dr. Faltas states that the proposed class cannot protect her interests. ECF No. 149 at 2 ("the current plaintiffs cannot protect Dr. Assa'ad-Faltas' interests . . . .).

Regarding Rule 24(b), Dr. Faltas has not cited a federal statute that gives her a right to intervene, nor has she shown that her claim presents a common question of law or fact. As Plaintiffs further assert, it does not appear that Dr. Faltas currently owes or will in the future owe any fines or fees in connection to her case, unlike the proposed class Plaintiffs, who are indigent and presently or will in the future owe fines and fees. ECF No. 146 at 5. Dr. Faltas states that she paid her fines, albeit with a "high interest credit card." ECF No. 149 at 1. Dr. Faltas then received post-conviction relief, and her fines were reimbursed to her. Id. ("[A] fine and a bond totaling $970.00 [] were refunded to [Dr. Faltas] on 5 April 2019 without any interest upon her being granted PCR . . . ."). Dr. Faltas expresses concern that her post-conviction relief may be overturned and she may be forced to once again pay the fines, which she alleges she cannot pay at this time. Id. However, Dr. Faltas does not provide evidence beyond speculation to indicate that her post-conviction relief will be overturned and that she will be required again to pay a fine. Id. ("[T]hat leaves a realistic possibility should, God forbid, SC's Supreme Court reverse [Dr. Faltas'post-conviction relief], that Dr. Assa'ad-Faltas be jailed for 60 days for inability to pay

$970.00 anew."). Such a hypothetical injury is not sufficient to justify intervention. Dr. Faltas fails to meet all of the Rule 24(a) and (b) requirements for intervention.

Because Dr. Faltas cannot presently meet the requirements for intervention as set forth in Rule 24 of the Federal Rules of Civil Procedure, her motion to intervene, ECF No. 144, is **DENIED**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: May 20, 2020
Columbia, South Carolina