# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Tawanda Marshinda Brown, et al., On Behalf of Themselves and Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 3:17-cv-01426-MBS-SVH ) ) **ORDER AND OPINION** |
| v. | ) ) |
| Lexington County, South Carolina, et al., | ) ) |
| Defendants. | ) ) |

On June 1, 2017, Plaintiffs filed this putative class action against Defendants Lexington County, South Carolina, et al. ECF No. 1. Plaintiffs allege violations of the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution because unrepresented individuals are being detained in the Lexington County Detention Center as a result of their failure to pay Lexington County Magistrate Court fines and fees. Plaintiffs seek to certify a class of "[a]ll indigent people who currently owe, or in the future will owe, fines, fees, court costs, assessments, or restitution in cases handled by Lexington County magistrate courts." ECF No. 5-1 at 7.

On March 11, 2020, Dr. Marie Assa'ad-Faltas ("Dr. Faltas") filed an emergency motion to intervene and to be declared a state-wide class representative. ECF No. 144. Dr. Faltas alleges she possibly will be subject to a short term of incarceration for violating a City of Columbia, South Carolina ordinance.[1] ECF No. 144-1 at 3. Dr. Faltas states that she is at risk of contracting COVID-19 in the facility. The court denied Dr. Faltas' motion on May 20, 2020, finding that Dr.

---

[1] Dr. Faltas was charged with violating a City of Columbia ordinance for allegedly failing to clean her property. ECF Nos. 144-1 at 3, 149 at 1.

1

Faltas failed to meet the standard for intervention set forth in Rule 24 of the Federal Rules of Civil Procedure. ECF No. 156. In so finding, the court noted that Dr. Faltas is not facing or did not face charges in Lexington County, and that per Dr. Faltas' statements, Dr. Faltas currently owes no fines or fees associated with her ordinance conviction, as she received post-conviction relief and any fines and fees were refunded to her. Id.

On May 21, 2020, Dr. Faltas filed a motion to reconsider the court's order. ECF No. 158. In her motion, Dr. Faltas argues "[t]his Court clearly erred in apprehending the facts." Id. at 1. Dr. Faltas again asserts that due to the fact that one instance of post-conviction relief was "reversed" in 2019, she "may need" to repay the fines associated with any convictions "should SC's Supreme Court deny rehearing."[2] Id. Dr. Faltas asserts that "[i]nformed inference" suggests that she will one day be required to pay fines and fees. Id. Additionally, Dr. Faltas argues the court erred because it did not consider the fact "that Dr. Assa'ad-Faltas focused on a broader and deeper question (are short term incarcerations, in Lexington County, SC, or anywhere in the U.S., permissible under the Eighth Amendment). . . ." Id.

Decisions regarding motions for reconsideration must not "be made lightly" because "[r]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Crossman Cmtys. of N.C., Inc. v. Harleysville Mut. Ins. Co., No. Civ. A. 4:09-1379, 2014 WL 108316 at *1 (D.S.C. Jan 8. 2014) (quoting Nelson v. Sam's Club, No. 4:10-3020-RBH, 2011 WL 2559548 at *1 (D.S.C. June 28, 2012)); see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be

---

[2] Dr. Faltas states that a petition for rehearing is currently pending before the South Carolina Supreme Court. ECF No. 158 at 1.

used sparingly."). The court may grant relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co., 148 F.3d at 403.

A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer., 470 U.S. 564, 574 (1985). "Manifest injustice occurs where the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . .'" Quinton v. Toyota Motor Corp., No. CIV. A. 1:10-02187, 2014 WL 526332 at *2 (D.S.C. Feb. 7, 2014) (quoting Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012)).

A party moving pursuant to Rule 59 must demonstrate more than "mere disagreement" with the court's order to succeed on a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). A Rule 59(e) motion is not a proper forum to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (3d ed. 1998).

The court is sympathetic to Dr. Faltas' concerns regarding the COVID-19 pandemic. However, Dr. Faltas has shown no change in law since the issuance of the court's order, no error in the court's order, no new evidence, and no manifest injustice. As was the case with Dr. Faltas' original motion, Dr. Faltas again does not provide factual support beyond speculation to prove

that she is currently facing a requirement to pay fines or fees associated with any conviction, regardless of whether any post-conviction relief was or will be reversed. This makes her situation incommensurable with that of the putative class Plaintiffs, who currently owe or will owe fines or fees in conjunction with convictions. Furthermore, regardless of Dr. Faltas' fine situation, the putative class Plaintiffs face incarceration from an inability to pay fines and fees in the Lexington County Magistrate Court system. This further distances Dr. Faltas' factual situation from that of the putative class Plaintiffs. Therefore, at present, Dr. Faltas fails to meet the Rule 24 requirements for intervention, and the court declines to reconsider its May 20, 2020 order.

Dr. Faltas' motion for reconsideration, ECF No. 156, is **DENIED.**

**IT IS SO ORDERED.**

|  |  |
|---|---|
|  | /s/ Margaret B. Seymour |
|  | Margaret B. Seymour |
| Dated: June 18, 2020 | Senior United States District Judge |
| Columbia, South Carolina |  |

4