**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Twanda Marshinda Brown, *et al.*, | ) ) ) | Civil Action No. 3:17-1426-MBS |
| Plaintiffs, | ) ) | **OPINION AND ORDER** |
| v. | **)** ) ) | |
| Lexington County, South Carolina, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on the Notice of Renewal of Plaintiffs Xavier Larry Goodwin and Raymond Wright, Jr.'s Second Amended Motion for Class Certification, ECF No. 186, and the Second Amended Motion for Class Certification, ECF No. 86. Defendants Lexington County, South Carolina, Gary Reinhart, Rebecca Adams, Albert John Dooley, III, and Bryan Koon (collectively, "Defendants") oppose the request for certification.[1] ECF Nos. 89, 200.

## BACKGROUND

In 2017, Plaintiffs Twanda Marshinda Brown, Sasha Monique Darby, Cayeshia Cashel Johnson, Amy Marie Palacios, Nora Ann Corder, Xavier Larry Goodwin, and Raymond Wright, Jr. (collectively, "Plaintiffs"), initiated this action on behalf of themselves and all others similarly situated after they were separately arrested and incarcerated for a period of time ranging from seven to 63 days for failure to pay magistrate court fees and fines. They proceed now on a Second Amended Complaint that asserts violations of their rights under the Fourteenth, Sixth,

---

[1] The court dismissed Defendant Robert Madsen from this lawsuit on May 17, 2018, pursuant to a stipulation of dismissal. ECF No. 100.

and Fourth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983. ECF

No. 48. Plaintiffs allege that:

> [i]ndigent people who lack the financial means to pay the full amount of fines and
> fees owed to Lexington County magistrate courts are routinely arrested and
> incarcerated for weeks and months at a time without being afforded a pre-
> deprivation ability-to-pay hearing, notice of the right to request counsel, or the
> assistance of a court-appointed attorney to help defend against incarceration.

*Id.* at ¶¶ 2, 12.

At the time they filed the Second Amended Complaint, Plaintiffs Goodwin and Wright

alleged an imminent threat of arrest and incarceration because they could not afford to pay fines

and fees due to Lexington County magistrate courts. ECF No. 48 at 2. Pursuant to those

allegations, Plaintiffs Goodwin and Wright seek to certify the following class, in accordance

with Federal Rule of Civil Procedure 23(b)(2): "[a]ll indigent people who currently owe, or in

the future will owe, fines, fees, court costs, assessments, or restitution in cases handled by

Lexington County magistrate courts," (hereinafter referred to as the "Proposed Class"). ECF No.

86 at 1; ECF No. 186 at 2.

The Second Amended Complaint asserts eight causes of action. The first three causes of

action are brought by Plaintiffs Goodwin and Wright on behalf of themselves and the members

of the Proposed Class for declaratory and injunctive relief: "Incarceration Without Pre-

deprivation Ability-to-Pay Hearing," in violation of the Due Process and Equal Protection

Clauses of the Fourteenth Amendment, against Defendants Adams, Dooley, and Koon in their

official capacity ("Claim One"); "Failure to Afford Assistance of Counsel," in violation of the

Sixth Amendment, against Defendant Lexington County and Defendants Adams, Dooley, and

Koon in their official capacity ("Claim Two"); and "Unconstitutional Seizure," in violation of

the Fourth Amendment, against Defendants Adams, Dooley, and Koon in their official capacity

("Claim Three"). ECF No. 48 at 94-105. The court refers to these causes of action as the Class Claims.

Plaintiffs as individuals bring the following two causes of action for damages: "Incarceration Without Pre-deprivation Ability-to-Pay Hearing," in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, against Defendants Reinhart, Adams, and Koon in their individual capacity ("Claim Four"); and "Failure to Afford Counsel," in violation of the Sixth Amendment, against Defendant Lexington County and Defendants Reinhart and Adams in their individual capacity ("Claim Five"). Plaintiffs Brown, Darby, and Wright assert a cause of action for damages for "Unreasonable Seizure," in violation of the Fourth Amendment, against Defendants Reinhart, Adams, and Koon in their individual capacity ("Claim Six"). Finally, Plaintiff Goodwin individually asserts two causes of action for declaratory relief against Defendant Adams in her official capacity: "Incarceration Without Pre-deprivation Ability-to-Pay Hearing," in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment ("Claim Seven"); and "Failure to Afford Assistance of Counsel," in violation of the Sixth Amendment ("Claim Eight").

The court referred this matter to the Magistrate Judge for pretrial handling. Plaintiffs subsequently moved to certify the Proposed Class. ECF No. 21. Defendants filed their respective answers to the complaint, moved for partial summary judgment as to the requests for declaratory and injunctive relief, ECF No. 29, and then filed a supplemental motion, ECF No. 40. Defendants also moved for summary judgment as to the request for damages. ECF No. 50. Defendants argued the claims for declaratory and injunctive relief were moot because, with the exception of Plaintiff Goodwin, Plaintiffs' sentences had been satisfied and therefore they no longer presented a live case or controversy. With respect to Plaintiff Goodwin, Defendants

argued the court is precluded from intervening in Goodwin's ongoing state criminal proceeding

under the doctrine of abstention as set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

Defendants attached to their supplemental motion a memorandum that Chief Justice Donald W.

Beatty issued to Magistrate Judges and Municipal Judges on September 15, 2017, which

provides:

> Absent a waiver of counsel, or the appointment of counsel for an indigent
> defendant, summary court judges shall not impose a sentence of jail time, and are
> limited to imposing a sentence of a fine only for those defendants, if convicted.
> When imposing a fine, consideration should be given to a defendant's ability to
> pay. If a fine is imposed, an unrepresented defendant should be advised of the
> amount of the fine and when the fine must be paid. This directive would also
> apply to those defendants who fail to appear at trial and are tried in their absence.

("Beatty Memorandum") ECF No. 40-1. Plaintiffs argued in relevant part that Defendants had

not met their burden of showing the Beatty Memorandum moots Plaintiffs' claims for

prospective relief; Defendants failed to demonstrate the Magistrate Courts had terminated the

complained-of conduct and that such conduct could not reasonably be expected to recur;

evidence in the record raises questions of material fact concerning whether Defendants' conduct

continues to result in unlawful arrest and incarceration of indigent people; and additional

discovery is necessary and warranted. ECF No. 43. Defendants subsequently withdrew the

supplemental motion.

The Magistrate Judge issued a report and recommendation in which she recommended

that the court deny the motion to certify, grant the motion for partial summary judgment as to

declaratory and injunctive relief, and grant in part and deny in part the motion for summary

judgment as to damages, on the basis that the claims for declaratory and injunctive relief were

moot and two types of immunity applied to the individual Defendants. Both sides objected to the

report and recommendation. In ruling on the objections, the court found that the facts of this

case could fall within the "voluntary cessation" exception to the mootness doctrine, whereby "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice"; and noted that a defendant asserting voluntary cessation "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."  ECF No. 84 (quoting *Porter v. Clark*, 852 F.3d 358, 364 (4th Cir. 2017)).   The court agreed with Plaintiffs that issues of material fact exist regarding application of the Beatty Memorandum in Magistrate Court and whether the individual Defendants are entitled to immunity and therefore declined to adopt the report and recommendation.[2]  The court denied the motion to certify and the motions for summary judgment without prejudice and recommitted the matter to the Magistrate Judge.  ECF No. 84.

Defendants then filed a motion for reconsideration, ECF No. 87, and a supplemental motion for reconsideration, ECF No. 88, in which they argued *inter alia* that the court had failed to consider evidence submitted in support of their mootness argument.  This evidence, which Defendants originally attached to their reply to Plaintiffs' objections to the report and recommendation, included South Carolina Court Administration revised forms and procedures; a South Carolina Court Administration memorandum outlining procedures regarding the sentencing of unrepresented defendants as discussed during a November 1, 2017 meeting; and a "Checklist for Magistrates and Municipal Judges," signed by Chief Justice Beatty.  *See* ECF No. 82-1; ECF No. 87-1.  Furthermore, Defendants asserted, the office of court administration "set forth the practical requirements of the [Beatty Memorandum] in considerable detail," during the

---

[2] Defendants Adams, Koon, and Reinhart appealed the court's ruling concerning absolute immunity with respect to damages to the Fourth Circuit Court of Appeals, which dismissed the appeal for lack of jurisdiction.  ECF No. 125.

November 1, 2017 meeting and, on February 23, 2018, Chief Justice Beatty "signed two administrative orders further implementing those procedures, and promulgating a total of seven new or revised forms intended to ensure that imprisonment does not occur unless the [defendants are] 'informed of their right to counsel, and if indigent, their right to court-appointed counsel prior to proceeding with trial." ECF No. 87-1 (citing ECF No. 82-1). Defendants argued then (much as they do now) that "if Plaintiff's counsel, in opposition to the present motion, cannot point to any cases in Lexington County in which the problem persists, then Plaintiffs' claims for prospective relief should be dismissed based on mootness resulting from the remedial action of the Chief Justice and the South Carolina Court Administration." ECF No. 87-1 at 10-11. The court denied the motions in an order dated July 10, 2018. ECF No. 107. In denying the motions, the court reaffirmed its finding, revised forms and new checklists notwithstanding, that questions of fact exist as to whether the state Supreme Court's guidance had indeed eradicated what Plaintiffs allege to be "automatic, unlawful arrest and incarceration of indigent people for nonpayment of money owed to magistrate courts without pre-deprivation ability to pay-hearing or court appointment of counsel, and based on warrants unsupported by probable cause." ECF No. 93 at 16. *See* ECF No. 107 at 8. Additionally, the court found that the circumstances of the Class Claims fit into the "inherently transitory" exception to the mootness doctrine, observing that "[w]hile Defendants inform the court of their efforts to remedy the challenged conduct, the record has not been fully established for the court to ascertain that no member of the proposed class will suffer the same deprivation." ECF No. 107 at 9-11 (citing *Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975)).

Plaintiffs thereafter filed the Second Amended Motion for Class Certification, which is currently pending before the court. The parties then undertook an effort to mediate this case, which process lasted approximately two years and ended recently without success.

On July 8, 2020, Plaintiffs filed the Notice of Renewal of Plaintiffs Goodwin and Wright's Second Amended Motion for Class Certification, ECF No. 186, placing before the court the Second Amended Motion for Class Certification, ECF No. 86. Defendants filed a response in opposition to the Notice of Renewal, ECF No. 200, to which Plaintiffs filed a reply, ECF No. 205.

## DISCUSSION

Plaintiffs Goodwin and Wright (hereinafter referred to as the "Named Plaintiffs") move to certify the Proposed Class under Federal Rule of Civil Procedure 23(b)(2). Rule 23(b)(2) provides that a class action may be maintained if Rule 23(a) is satisfied and if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The court begins its analysis with a review of the factual circumstances giving rise to the Named Plaintiffs' claims, the allegations directed at the Defendants against whom the Class Claims are asserted, and the allegations underpinning the Class Claims.

A.    **Proposed Class Representatives and Defendants**

Plaintiff Goodwin is indigent. Several years ago, he received a traffic ticket that resulted in the imposition of $2,163 in magistrate court fines and fees with monthly payments of $100 due beginning on June 5, 2017. He was released from jail in April 2017, after serving nearly three months, during which time he and his family lost their home. Plaintiff Goodwin secured employment and was able to pay $100 by June 23, 2017; however, he was unable to afford

additional payments and his family remained homeless.  Therefore, Plaintiff Goodwin contends, he remains at risk of being arrested and jailed.  ECF No. 86-1 at 7.

Plaintiff Wright is indigent, disabled, and unemployed.  Several years ago, he received a traffic ticket that resulted in the imposition of $666.93 in magistrate court fines and fees with monthly payments due beginning on June 26, 2016.  His only income is from monthly disability insurance payments, which he used to help support his family.  Plaintiff Wright made five monthly payments of $50 toward his debt in 2016 but, at the time he filed this action on July 21, 2017, he was unable to pay the remaining debt of $416.93.  Therefore, Plaintiff Wright contends, he also remains at risk of being arrested and jailed.  ECF No. 86-1 at 8.

Defendant Adams served as the Associate Chief Judge for Administrative Purposes of the Summary Courts in Lexington County, South Carolina from December 20, 2013 to June 27, 2017. ECF No. 48 at ¶ 28.   Defendant Adams currently serves as the Chief Judge for Administrative Purposes of the Summary Courts in Lexington County and as the Judge of the Irmo Magistrate Court.  *Id.* at ¶¶ 28-29.  Defendant Dooley serves as the Associate Chief Judge for Administrative Purposes of the Summary Courts in Lexington County.  *Id.* at ¶ 30.  Defendant Koon serves as the elected Lexington County Sheriff, the Chief Law Enforcement Officer of the Lexington County Sheriff's Department, and the Chief Administrator of the Detention Center.  *Id.* at ¶ 31.  Defendant Lexington County is a municipal governmental entity.

The Named Plaintiffs allege that in their exercise of administrative authority Defendants Adams and Dooley "oversee, enforce, and sanction the systemic misuse of payment bench warrants by Lexington County magistrate courts—warrants that call for the arrest and incarceration of indigent people who are unable to pay their outstanding magistrate court fines and fees in full." ECF No. 86-1 at 9.  The Named Plaintiffs allege that in his exercise of administrative

responsibilities Defendant Koon "takes deliberate action to enforce the automatic arrest and incarceration of indigent people who cannot afford to pay fines and fees to magistrate courts"; in particular, he "sanctions and oversees the misuse of payment bench warrants and the jailing of indigent people who are unable to pay their outstanding magistrate court fines and fees in full upon arrest." *Id.* Finally, the Named Plaintiffs allege that Defendant Lexington County "maintains a longstanding policy and custom of failing to adequately provide public defense in the County's magistrate courts," the result of which is "indigent people are routinely deprived of the assistance of counsel before being incarcerated when they cannot pay fines and fees to the County's magistrate courts." *Id.* at 10.

**B.    Class Claims**

As stated above, the Class Claims assert a violation of the Fourteenth Amendment for incarcerating individuals without first providing a pre-deprivation ability-to-pay hearing, of the Sixth Amendment for failing to afford assistance of counsel, and of the Fourth Amendment for unconstitutional seizure. ECF No. 48 at 94-105. The Named Plaintiffs base these claims on two policies identified as the Default Payment Policy and the Trial in Abstentia Policy, both of which, Plaintiffs allege, "involve the widespread misuse of payment bench warrants to arrest and incarcerate indigent people in violation of their constitutional rights." ECF No. 86-1 at 12. The Named Plaintiffs allege Defendants Adams, Dooley, and Koon "prioritize fine and fee collection over the protection of indigent people's rights," and in their exercise of administrative authority maintain these policies, which "lead to the automatic arrest and incarceration of indigent people who cannot pay fines and fees for traffic and misdemeanor offenses, without any court hearing on their ability to pay or assistance of counsel to defend against incarceration." *Id.*

### 1. Arguments

The Named Plaintiffs asserts the Default Payment Policy goes into effect when an indigent defendant pleads guilty or is otherwise convicted in Lexington County magistrate court and cannot afford to pay the full amount of fines and fees imposed at sentencing.  ECF No. 86-1 at 13.  The court institutes an installment payment plan and, if the individual is unable to pay the ordered amount on time, the court issues a standard payment bench warrant that orders the individual jailed for a specified number of days unless the individual pays the full amount of fines and fees owed.  *Id.* The Named Plaintiffs allege that "[i]ndigent people are routinely arrested and incarcerated for weeks to months at a time pursuant to these payment warrants."  *Id.*  And, that at no point before the warrant is executed is the individual brought before the court for a hearing to inquire into the reasons for nonpayment, the individual's ability to pay, or the availability of alternatives to payment and incarceration.  Nor, prior to execution of the warrant, is the individual notified of his or her right to request court-appointed counsel.  *Id.*

The Named Plaintiffs assert the Trial in Absentia Policy goes into effect when an indigent defendant fails to appear in Lexington County magistrate court to answer for a traffic or misdemeanor charge.  Pursuant to the policy, the court holds a bench trial, imposes a conviction, and sentences the person to a term of incarceration suspended on the payment of fines and fees, without requiring the person's presence.  ECF No. 86-1 at 13-14.  The Named Plaintiffs allege that the court typically authorizes a payment bench warrant within a week of the date on which the sentence is imposed and that indigent people are routinely arrested and incarcerated for weeks to months at a time as a result.  The Named Plaintiffs also allege that "[a]t no point before the warrant is executed is the indigent person brought before a judge for a hearing to inquire into the reasons for nonpayment, the individual's ability to pay, or the availability of alternatives to payment and

incarceration that would adequately achieve the goal of punishment and deterrence," and "at no point before the warrant is executed is the individual notified of the right to request court-appointed counsel, despite facing incarceration for nonpayment." *Id.* at 14.

The Named Plaintiffs argue that the two policies are contrary to South Carolina law, which permits "the use of bench warrants only for the purpose of securing a defendant's appearance in court." ECF No. 86-1 at 14-15. They also argue that Lexington County magistrate courts issue more than a thousand payment bench warrants per year in accordance with these policies, the result of which is the arrest and incarceration of "hundreds of indigent people." *Id.* at 15-17. For support, they reference records from Lexington County magistrate court dating between February 1 and March 1, 2017, *id.* at 15-16; ECF No. 21-8; records from the Lexington County Sheriff's Department, ECF No. 86-1 at 16; ECF No. 48; and the South Carolina Judicial Department Public Index, ECF No. 86-1 at 16; ECF No. 43-1.

In their opposition to the Notice of Renewal, Defendants argue that the Named Plaintiffs are seeking to certify the Proposed Class based on information that is over three years' old and that they have not shown that "they themselves or anyone else have suffered any injury in the years that have followed the Beatty Memorandum." ECF No. 200 at 1-2. Therefore, Defendants contend, the Named Plaintiffs "have not shown there still remains a case or controversy along the lines described in their Complaint." *Id.* at 2. In resurrecting these arguments from their summary judgment briefing, Defendants emphasize that when the parties last argued the impact of the Beatty Memorandum, it had been in effect approximately one month and that, now, it cannot be disputed "that neither Wright nor Goodwin has been arrested or incarcerated in the nearly three years that have followed the issuance of the Beatty Memorandum . . . [n]or has anyone else surfaced alleging such injuries during those ensuing years." *Id.* at 12. More to the point, Defendants assert:

> if by now, almost three years after the Beatty Memorandum was first issued, Plaintiffs' counsel cannot show a single case of failure of a Lexington County magistrate to apply the principles in the Memorandum (other than possibly some instances that occurred in the first few weeks after that Memorandum), there is no reason why a class should now be certified.

*Id.*

In reply, the Named Plaintiffs assert that to the extent Defendants challenge their Article III standing, it is well established that standing is determined at the outset of the lawsuit and the "undisputed record shows that both Plaintiffs had standing when they commenced their claims." ECF No. 205 at 11.  With respect to mootness, the Named Plaintiffs argue that Defendants "do not assert, much less proffer evidence to prove, that the suggestions in the [Beatty] Memorandum or the new forms and procedures have been 'duly implemented,'" and further argue that "Defendants [] do not assert, much less prove, that the practices Plaintiffs challenge have ceased and will not resume." ECF No. 205 at 13.  In any event, the Named Plaintiffs contend, "bald assertions of a defendant— whether governmental or private—that it will not resume a challenged policy fail to satisfy any burden of showing that a claim is moot."  *Id.* (quoting *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 219 (4th Cir. 2017) (quoting *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014)).   The Named Plaintiffs also underscore that the burden to demonstrate mootness due to voluntary cessation is particularly heavy when the defendant has voluntarily ceased illegal activity in response to litigation.  *Id.* at 14 (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998)).  Finally, the Named Plaintiffs assert that nothing has changed since the court's previous findings regarding the "inherently transitory" nature of the claims herein at issue.  *See* ECF No. 107.

Most recently, on January 20, 2021, Defendants filed a Notice of Reassignment of Plaintiff Goodwin's State Case to a Nonparty State Magistrate, informing the court that Mr. Goodwin's case

has been reassigned to Lexington County Magistrate Brian Buck, who is not a party to this case. ECF No. 223. The Named Plaintiffs filed a response in which they assert that the reassignment changes nothing about the posture of this case: "Mr. Goodwin continues to owe $2,163 in fines and fees to Lexington County that he cannot afford to pay," and "[t]hus, [he] remains under the threat of arrest and incarceration for nonpayment regardless of who his case has been assigned to." ECF No. 224 at 1-2.

### 2. Findings

First, to the extent Defendants challenge the Named Plaintiffs' standing to bring the Class Claims, standing or lack thereof is established at the case's inception. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992); *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013). As Plaintiffs explain:

> when Mr. Goodwin filed the original complaint asserting prospective relief claims on June 1, 2017, he owed $2,163 in fines and fees to the Irmo Magistrate Court, was required to pay $100 each month, and could not afford to pay even the first installment due on June 5, 2017 because of his indigence. Mr. Goodwin faced a direct and imminent threat of arrest and incarceration for nonpayment of magistrate court fines and fees, without any pre-deprivation court hearing on his ability to pay, without the benefit of representation by court appointed counsel, and based on a warrant unsupported by probable cause of criminal activity in violation of his constitutional rights.

ECF No. 205 at 11 (citing ECF No. 35–1, ¶¶ 15–16, 21–22; ECF No. 29–2, ¶ 3.g). Additionally, with respect to Plaintiff Wright, the Named Plaintiffs further explain that as of July 21, 2017, the date Plaintiffs filed the Amended Complaint, Plaintiff Wright "owed $416.93 in fines and fees to the Central Traffic Court that he could not afford to pay, and he faced a Central Traffic Court bench warrant that ordered law enforcement officers to arrest and incarcerate him for ten days if he did not pay the amount due in full." ECF No. 205 at 12 (citing ECF No. 35–2, ¶¶ 13–14; ECF No. 29–2, ¶ 3.f). "Thus, at the time of the amended complaint, Mr. Wright faced a real and immediate threat of

being arrested and jailed without a predeprivation hearing on his ability to pay, without

representation by court-appointed counsel, and based on a warrant unsupported by probable cause

of criminal activity in violation of his constitutional rights." *Id.* The record demonstrates that

Plaintiff Goodwin had standing to pursue the three claims for prospective relief that he brings with

Plaintiff Wright as well as the two claims for prospective relief that he brings on his own and that

Plaintiff Wright has standing to pursue his claims as well. The court agrees with the Named

Plaintiffs that intervening events do not alter this status.[3]

With respect to mootness, as the court articulated in its July 10, 2018 order denying

Defendants' motions for reconsideration, "the voluntary cessation of the challenged conduct moots

a case only if it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be

expected to recur,' and the 'heavy burden of persuading the court that the challenged conduct

cannot reasonably be expected to start up again'" lies here with Defendants. ECF No. 107 at 15

(quoting *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000)). Voluntary cessation will

not render a case moot unless interim events "have completely and irrevocably eradicated the

effects of the alleged violation." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 632 (1979). "[A]

defendant fails to meet its heavy burden to establish that its allegedly wrongful behavior will not

recur when the defendant 'retains the authority and capacity to repeat an alleged harm.'" *Porter*,

852 F.3d at 364 (citation omitted). *See also Pashby*, 709 F.3d at 316-17. The court previously

found that issues of material fact exist as to Defendants' implementation of and compliance with the

remedial actions undertaken by the South Carolina Court Administration. ECF No. 107 at 15. *See*

ECF No. 84. While more than three years have now passed since Chief Justice Beatty issued the

---

[3] Nor do intervening events alter the court's previous ruling regarding the inherently transitory
nature of the Class Claims.

Memorandum, the record is no further developed than when the court issued its previous rulings. Therefore, dismissal of the case on mootness grounds is, once again, premature.

Having satisfied itself as to the Named Plaintiffs' standing to pursue the Class Claims and determined that the Class Claims are not moot, the court turns to the Rule 23(a) factors.

## C.    Federal Rule of Civil Procedure 23(a)

Rule 23(a) states that one or more members of a class may sue as representative parties on behalf of all members only if the following criteria are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members," and Rule 23(a) "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (citations omitted). As a final consideration, the Fourth Circuit has "repeatedly recognized that Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" *EQT Production Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014).

The court notes that other than to raise the mootness concerns addressed above, Defendants do not challenge the Named Plaintiffs' assertion that the Proposed Class satisfies the Rule 23(a) factors. *See* ECF Nos. 89, 200.

### 1.    Numerosity

The Named Plaintiffs assert that the Proposed Class satisfies the numerosity requirement because it is comprised of "hundreds of indigent people, and perhaps more than one thousand."

ECF No. 86-1 at 28.  They assert that, "[a]ccording to publicly available court records, Lexington County magistrate courts annually target more than one thousand people with payment bench warrants, placing these people at risk of arrest and incarceration for nonpayment of fines and fees without the pre-deprivation ability-to-pay hearings required by law."  *Id.*  Additionally, they contend, public records show that "the Lexington County Sheriff's Department arrests hundreds of indigent people each year under these automatically-issued payment bench warrants and incarcerates them when they cannot pay money to the County's magistrate courts."  *Id.*  The Named Plaintiffs argue that in addition to the number of individuals who would qualify as members of the Proposed Class, joinder is impracticable "due to the transitory nature of the pre-deprivation claims Plaintiffs seek to litigate."  *Id.*  They assert that numerous members of the Proposed Class are at risk of future arrest and incarceration for failing to pay debts currently owed to the County's magistrate courts and that these members may be arrested and incarcerated at any time.  Then, after spending weeks or months in jail, those members will have their fines and fees written off, rendering moot their claims for declaratory and prospective relief.  *Id.* at 28-29.

The court finds that the Proposed Class satisfies the numerosity requirement and turns next to the question of commonality.

**2.  Commonality**

The commonality requirement asks whether there are questions of law or fact common to the class.  Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which showing requires that the claims depend "upon a common contention."  *Dukes*, 564 U.S. at 350 (citations omitted).  The common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.* ("What

matters to class certification . . . [is] the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation") (emphasis in original) (citation omitted). "Where the injuries complained of by named plaintiffs allegedly result from the same unlawful pattern, practice, or policy of the defendants, the commonality requirement is usually satisfied." *Moodie v. Kiawah Island Inn Co., LLC*, 309 F.R.D. 370, 377 (D.S.C. 2015) (citation omitted).

The Named Plaintiffs reiterate that the Proposed Class is comprised of indigent people who owe fines and fees in cases handled by Lexington County magistrate courts and that they suffer "ongoing violation of their rights under the Fourteenth, Sixth, and Fourth Amendments to the U.S. Constitution because of common policies, practices, and customs maintained by Defendants Lexington County, Adams, Dooley, and Koon." ECF No. 86-1 at 29-30. They assert that the alleged violations and associated underpinning facts create no fewer than 29 common questions that implicate Defendants Lexington County, Adams, Dooley, and Koon. *Id.* at 30-32.

The court is satisfied that the Named Plaintiffs have sufficiently demonstrated commonality. Additionally, the Class Claims seek only injunctive and declaratory relief, which courts generally recognize as the type of redress that by its very nature presents common questions of law and fact. *See, e.g., Scott v. Clarke*, 61 F. Supp. 3d 569, 585 (W.D. Va. 2014) (citation omitted). The court turns next to the question of typicality.

### 3. Typicality

Typicality requires that "a class representative [] be part of the class and possess the same interest and suffer the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001). "The typicality requirement is met if a plaintiff's claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Moodie*, 309 F.R.D. at 378 (citation omitted). The commonality and

typicality requirements of Rule 23(a) "tend to merge." *Dukes*, 564 U.S. at 349 n.5 (explaining that "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence"). "The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'" *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (quoting *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998)). In assessing the typicality requirement, "courts must identify a 'cognizable injury' held by the named plaintiffs 'similar to the injuries suffered by the other class members.'" *Noel v. Hudson Distrib. Servs., Inc.*, 274 F.R.D. 187, 191 (D.S.C. 2011) (quoting *McClain v. South Carolina Nat'l Bank*, 105 F.3d 898, 903 (4th Cir. 1997)). "Typicality does not require that every class representative have exactly the same claims as every member of the class." *Moodie*, 309 F.R.D. at 378 (citation omitted).

The Named Plaintiffs assert that the typicality requirement is met because all claims arise "from common courses of conduct of five Defendants, which result in the arrest and incarceration of indigent people under automatically-issued payment bench warrants when they cannot pay money to the County's magistrate courts, without pre-deprivation ability-to-pay hearings and the assistance of court-appointed counsel." ECF No. 86-1 at 33. They further assert that "all claims against any of the specific Defendants are based on the same legal and equitable theories," and that "[i]f Plaintiffs Goodwin and Wright succeed in their claims and establish that the acts, omissions, courses of conduct, policies, practices, customs, and standard operating procedures of these five Defendants violate the law, that ruling and any accompanying injunctive relief will benefit every other member of the proposed Class." *Id.* The court agrees that the typicality requirement is met.

### 4. Adequate Representation

The final requirement under Rule 23(a) asks whether the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The requirement is "a two-pronged inquiry, requiring evaluation of: (1) whether class counsel are qualified, experienced, and generally able to conduct the proposed litigation; and (2) whether Plaintiffs' claims are sufficiently interrelated with and not antagonistic to the class claims as to ensure fair and adequate representation." *Moodie*, 309 F.R.D. at 378 (quoting *Lott v. Westinghouse Savannah River Co.*, 200 F.R.D. 539, 561 (D.S.C. 2000)).

With respect to the first prong, the Named Plaintiffs are represented by counsel at the American Civil Liberties Union Foundation, the American Civil Liberties Union Foundation of South Carolina, and Terrell Marshall Law Group PLLC, who, they assert, have been appointed as class counsel in numerous actions and have successfully litigated cases in both state and federal courts, "often on behalf of thousands of people." ECF No. 86-1 at 34-35. They further assert their counsel "have worked extensively to investigate the claims brought on behalf of the proposed Class, are dedicated to prosecuting those claims, and have the resources to do so." *Id.* at 35.

With respect to the second prong, the Named Plaintiffs assert their claims against Defendants "are coextensive with, and not antagonistic to, the claims asserted on behalf of the proposed Class":

> Mr. Goodwin (currently), Mr. Wright (at the time he filed his claims), and members of the proposed Class have the same injuries in that they are indigent people who face actual or imminent arrest and incarceration because of their inability to pay fines and fees owed to Lexington County magistrate courts. Mr. Goodwin and Mr. Wright seek to obtain prospective declaratory and injunctive relief that will ensure Defendants stop violating proposed Class members' rights under the Fourteenth, Sixth, and Fourth Amendments to the U.S. Constitution. If they are successful, the relief they obtain will benefit all Class members equally. Finally, Mr. Goodwin and Mr. Wright have demonstrated a commitment to prosecuting this action vigorously on behalf of the Class.

ECF No. 86-1 at 35.

Defendants do not challenge the qualifications of Plaintiffs' counsel and the court has no reservations that class counsel will ably and vigorously prosecute this action on behalf of the class. As to the second prong, the court considers in particular whether the Named Plaintiffs' claims and the claims of the Proposed Class are "so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Moodie*, 309 F.R.D. at 379 (quoting *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 459 (4th Cir. 2003)). The court finds no apparent conflicts of interest between the Named Plaintiffs and the members of the Proposed Class and therefore concludes that the Named Plaintiffs can adequately represent the Proposed Class. The court additionally finds that Plaintiffs' counsel of record satisfies the criteria set forth in Rule 23(g) and accordingly appoints them as class counsel.

### 5. Ascertainability

As a final matter with respect to the Rule 23(a) inquiry, the court must satisfy itself that it can "readily identify the class members in reference to objective criteria." *EQT Production Co.*, 764 F.3d at 358 (citations omitted). *See* 7A Charles Alan Wright et al., *Federal Practice & Procedure* § 1760 (3d ed. 2005) ("[T]he requirement that there be a class will not be deemed satisfied unless the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member."). The Named Plaintiffs assert the proposed class definition is "based on objectively determinable criteria" of "(1) indigence and (2) an obligation to pay fines, fees, court costs, assessments, or restitution in one or more Lexington County magistrate court cases." ECF No. 86-1 at 36. They further assert that members of the Proposed Class "are readily identifiable from documents in the possession of Defendants, including

court records, bench warrant records, arrest records, booking records, and inmate rosters." *Id.* The court finds that members of the Proposed Class are readily identifiable.

## D.     Federal Rule of Civil Procedure 23(b)(2)

In addition to satisfying the Rule 26(a) requirements, Plaintiffs must demonstrate that the action can be maintained under Rule 23(b)(2). *See, e.g., Deiter*, 436 F.3d at 466. Rule 23(b)(2) certification is reserved for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury. *Dukes*, 564 U.S. at 360 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class"). "The twin requirements of Rule 23(b)(2)—that the defendant acted on grounds applicable to the class and that the plaintiff seeks predominantly injunctive or declaratory relief—make that Rule particularly suited for class actions alleging racial discrimination and seeking a court order putting an end to that discrimination." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 329-30 (4th Cir. 2006) (citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614 (1997) ("Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples [in which class certification is proper under Rule 23(b)(2)]").

The Named Plaintiffs assert that Rule 23(b)(2) certification is appropriate because "each Defendant is acting or refusing to act on grounds generally applicable to all members of the Class":

> Defendants Adams and Dooley oversee, enforce, and sanction the systemic misuse of payment bench warrants to arrest and incarcerate indigent people who cannot afford to pay fines and fees to Lexington County magistrate courts. Defendants Adams and Dooley also exercise their administrative responsibility to maintain a magistrate court system that routinely deprives indigent people of pre-deprivation ability-to-pay hearings and the assistance of court-appointed counsel to defend against incarceration. Defendant Koon exercises his administrative responsibility to direct and enforce the use of payment bench warrants to jail indigent people who cannot afford to pay the full amount of debt identified on the face of the warrants before booking. Defendant Lexington County, through Madsen and other final policymakers for the County's provision of indigent defense magistrate courts, fails to adequately fund and to adequately allocate the resources necessary for public

defense with the result that indigent people are routinely deprived of their right to counsel when incarcerated for money owed to County magistrate courts

ECF No. 86-1 at 37. Should the court issue a judgment declaring Defendants in violation of the Class members' constitutional rights, the Named Plaintiffs contend, "the entry of an injunction requiring Defendants to remedy those violations will apply equally to all proposed Class members." *Id.*

The court agrees this lawsuit seeks relief that would offer redress to and benefit the entire proposed Class. Accordingly, conditional certification under Rule 23(b)(2) is appropriate. The court will certify the Proposed Class and appoint Plaintiffs Goodwin and Wright as the Class representatives.

**IT IS HEREBY ORDERED** that the Notice of Renewal of Plaintiffs Xavier Larry Goodwin and Raymond Wright, Jr.'s Second Amended Motion for Class Certification, ECF No. 186, and the Second Amended Motion for Class Certification, ECF No. 86 are **GRANTED**; it is further

**ORDERED** that the court certifies the Class as defined in the Notice of Renewal, ECF No. 186, pursuant to Federal Rule of Civil Procedure 23(b)(2); it is further

**ORDERED** that the American Civil Liberties Union Foundation, the American Civil Liberties Union Foundation of South Carolina, and Terrell Marshall Law Group PLLC are appointed class counsel pursuant to Federal Rule of Civil Procedure 23(g); it is further

**ORDERED** that within fourteen days of the date this order is entered, counsel shall file a joint status report with the court stating their respective positions as to whether the court should issue a class notice and, if appropriate, setting forth the proposed language of such notice.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United Sates District Judge

March 5, 2021
Columbia, South Carolina