UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Twanda Marshinda Brown, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Lexington County, South Carolina, *et al.*, <br><br> Defendants. | Civil Action No. <br> 3:17-cv-01426-MBS <br><br> **DEFENDANTS' MOTION TO COMPEL DISCOVERY** |

Counsel for Defendants hereby move for an order compelling discovery with regard to the matters set forth herein. A telephone conference between the parties was held on April 22, 2021. The status of the parties' efforts to resolve the issues in this motion is discussed herein.

On February 16, 2021, Defendants served Interrogatories and Requests for Production on each of the seven Plaintiffs. By agreement, the response date was extended to April 1, and for one Plaintiff, Raymond Wright, an additional extension was sought and granted, through April 15, 2021. All Plaintiffs served responses on the agreed-upon due dates. Defendants then advised by letters dated April 19, 2021 and April 20, 2021, that Plaintiffs' responses were deficient in some respects.

The present motion is being filed on this date, which is the 21st day after Plaintiffs' responses were sent, in order to comply with the timing requirement of Local Rule 37.01(A). As the Court is aware, that rule does not permit the parties to agree to extend the due date for a motion to compel if any such agreement for an extension would "place the due date beyond thirty (30) days before the deadline for completion of discovery as set by the scheduling order." The discovery deadline is May 18, 2021, which precludes such extensions by agreement of the parties. However,

1

the parties held a telephone conference on the present date, and are actively discussing the possibility of resolving the other issues raised by this motion (except for one issue discussed herein regarding tax returns) and will advise the Court of the status of those discussions on or before the time for Plaintiffs' response to the present motion.

In the event that the issues in this motion are not resolved by the parties, Defendants specifically request that the Court compel adequate responses to the following discovery requests:[1]

<u>Interrogatory 13 to Plaintiff Brown</u>: Identify all evidence that you contend supports your claim in the Second Amended Complaint that a "Default Payment Policy" exists or existed at the time this action was filed.

<u>Interrogatory 14 to Plaintiff Brown</u>: Identify all evidence that you contend supports your claim in the Second Amended Complaint that a "Trial in Absentia Policy" exists or existed at the time this action was filed.

<u>Interrogatory 15 to Plaintiff Brown</u>: Identify all evidence that you contend supports your claim in the Second Amended Complaint of the existence of any other policy by any Defendant that you claim affected you.

<u>Request for Production 1 to all Plaintiffs:</u> Your state and federal tax returns from the years 2014 through 2017.

<u>Request for Production 3 to all Plaintiffs:</u> Any and all documents establishing, demonstrating, supporting, or showing Plaintiff's injuries giving rise to this suit.

<u>Request for Production 7 to all Plaintiffs:</u> Any documents supporting your claim that one or more policies exist that adversely affected you, as alleged in the Second Amended Complaint by reference to an alleged "Default Payment Policy," an alleged "Trial in Absentia Policy," as well as any other such "policies" referenced in the Second Amended Complaint.

<u>Interrogatory 15 to Plaintiffs Goodwin and Wright</u>: Identify all evidence that you contend

---

[1] Three of the seven sets of discovery requests, including Plaintiffs' responses, are attached as Exhibits 1 (Brown), 2 (Goodwin) and 3 (Wright). Only the requests that are the subject of this motion are included in the exhibits; the other requests are redacted, or the pages are deleted, for simplicity. In addition, in order to avoid undue duplication, the requests to the other four Plaintiffs are not attached. Finally, with regard to the responses of Plaintiffs Goodwin and Wright, only the parts of their responses that are unique to them are attached. Defendants would advise the Court, however, that all Plaintiffs were served with identical Requests for Production, and that the present motion is intended to apply to all identical requests to all parties.

supports your claim that Plaintiff Goodwin and other putative class members presently face a direct and imminent threat of arrest and incarceration for nonpayment of magistrate court fines and fees.

Interrogatory 16 to Plaintiffs Goodwin and Wright: Identify all evidence that you contend supports your claim that Plaintiff Goodwin and other putative class members presently face a direct and imminent threat of arrest and incarceration for nonpayment of magistrate court fines and fees without the benefit of representation by court appointed counsel.[2]

Plaintiffs' responses to all of these requests except RFP No. 1 (tax returns) were essentially the same in most respects, consisting first of unfounded claims of privilege and other unfounded objections (such as a claim that the information is equally available to Defendants), followed by the following very general statement: "Plaintiff directs Defendants' attention to the information and documents produced by the parties throughout the discovery process and any documents already in the Court record." *See, e.g.,* Plaintiffs' Responses to Brown Interrogatories 13, 14 and 15, Exhibit 1 attached, at original pp. 11-13.

In their response to RFP No. 7 to Plaintiff Brown and all other Plaintiffs, Plaintiffs included the sentence quoted above, and added one more sentence: "Plaintiff is not currently aware of any responsive documents other than documents already produced in this case." *E.g.,* Exhibit 1 at original p. 18. In their response to RFP No. 3 to Plaintiff Brown and all other Plaintiffs, Plaintiffs set forth the same general response quoted above, but without the language in their response to RFP No. 7, stating that the Plaintiffs are "not currently aware" of any other responsive documents. *E.g.,* Exhibit 1 at original pp. 15-16.

Finally, in response to Interrogatories 15 and 16 to Plaintiffs Goodwin and Wright, both of which interrogatories sought evidence to support those Plaintiffs' claims of a "direct and imminent

---

[2] Requests for Production 8 and 9 to Plaintiffs Goodwin and Wright, and their responses to those requests, are similar or identical to Interrogatories 15 and 16 to those Plaintiffs and to their responses to those Requests.

3

threat of arrest and incarceration," Plaintiff Goodwin asserted objections similar to those already mentioned above, and then responded that "Plaintiff has already outlined the factual and legal bases for injunctive relief in previous filings with the Court. The materials supporting those bases are already in the possession of Defendants or have already been disclosed throughout the course of discovery." Exhibit 2 at original pp. 13-14, 19-20. The response of Plaintiff Wright contains the same objections, but not the language quoted above. Instead, Plaintiff Wright them simply recites the facts concerning his 2017 arrest and satisfaction of his sentence by serving seven days in jail. Exhibit 3 at 13-14, 19-21.

## ARGUMENT

**1.     Requests seeking information about evidence in support of Plaintiffs' claims.**

Throughout the life of this case, Plaintiffs have repeatedly asserted, among other things, that (a) the Lexington County magistrates with administrative duties "oversee, enforce, and sanction two unwritten policies and practices that are the standard operating procedure" in the Lexington County magistrate courts (*see, e.g.,* Second Amended Complaint, ECF No. 48 at 3, ¶ 6, and (b) one or more Plaintiffs, and the Plaintiff class as certified, face "an imminent and substantial threat that they would be arrested and incarcerated for nonpayment of magistrate court fines and fees. . . ." *Id.* at 9, ¶ 17. However, with the discovery period on the verge of closing,[3] the only information Plaintiffs have offered to document those claims is effectively nothing more than "see all documents already produced or in the court record."

There is no legal support for Plaintiffs' attempts to try to get by with evasive answers or

---

[3] Discovery is set to close on May 18, 2021, pursuant to the Third Amended Scheduling Order, ECF No. 228. Discovery has been available to Plaintiffs in this case ever since July of last year, following the mediation efforts of Magistrate Judge Hodge and the parties.

non-answers to these key discovery requests. Although Plaintiffs appear to be contending otherwise, Defendants' requests are unremarkable. The Advisory Committee Note for Rule 33 state that "Opinion and contention interrogatories are used routinely." (Notes to 2007 Amendments.)

Similarly-evasive responses, whether to interrogatories or document requests, are often held insufficient, especially when they come at or near the close of discovery. For instance, in *Burnett & Morand P'ship v. Est. of Youngs*, No. 3:10-CV-3-RLY-WGH, 2011 WL 1237950, (S.D. Ind. Apr. 4, 2011), it was held that

> The contention interrogatory answers and production responses in this case are simply too evasive to be helpful to the resolution of the dispute. They do not in any manner assist in "paring down" what pieces of evidence are relevant to particular claims. An attorney who is faced with "contention" type discovery <u>must identify the witnesses and documents he/she has marshaled in a way to support his/her client's position</u> and to help illuminate the issues to be resolved as the responses and answers are due.

*Id.* at *3 (emphasis added).[4] *See also, e.g., Johnson v. N. Carolina Dep't of Just.,* No. 5:16-CV-00679-FL, 2018 WL 5831997, at *9 (E.D.N.C. Nov. 7, 2018)(requiring the nonresponding party "to specify the material facts and identify relevant witnesses <u>and documents</u>" that support the allegations of its pleadings (emphasis added). While it is often held that responses to discovery requests of this nature need not be made at an early stage of litigation, the end of the discovery period in this case is only a few weeks away. Accordingly, under well-recognized rules governing discovery concerning discovery requests such as these, Plaintiffs should be required to identify specifically any responsive documents and evidence known to them now, regardless of whether

---

[4] In an evasive response similar to the ones in the present case, the nonresponding party asserted that "You can obtain the substantial equivalent of what you seek from us by simply conducting your own review of the documents produced to date in this litigation." *Id.* at *1.

they may need to supplement those responses once discovery ends.

### 2. Requests concerning tax returns.

As part of their damage claims in this case, Plaintiffs assert that they incurred losses of wages. In order to determine Plaintiffs' wage and pay history, Defendants requested certain tax returns of Plaintiffs. Counsel for Plaintiffs objected to those requests, and have advised that an agreement to resolve this issue is not possible.

It has been held in this District that "generally, tax returns are not privileged." *Ashmore v. Kanavas*, No. 8:14-CV-04279-JMC, 2015 WL 6408160, at *4 (D.S.C. Oct. 21, 2015). The same case holds that any confidentiality concerns can be addressed by a confidentiality order, to which Defendants will agree upon request. In their responses to other discovery requests, Plaintiffs have provided only a few pages of information pertaining to their past earnings. As a result, their tax returns should be disclosed in order to permit as complete a review as possible of their past wage and pay history.

Respectfully submitted,

DAVIDSON, WREN & DEMASTERS, P.A.
BY:  *s/ Kenneth P. Woodington*
WILLIAM H. DAVIDSON, II, Fed. I. D. No. 425
KENNETH P. WOODINGTON, Fed. I.D. No. 4741

DAVIDSON, WREN & DEMASTERS, P.A.
1611 DEVONSHIRE DRIVE, 2ND FLOOR
POST OFFICE BOX 8568
COLUMBIA, SOUTH CAROLINA 29202-8568
wdavidson@dml-law.com
kwoodington@dml-law.com
T: 803-806-8222
F: 803-806-8855
ATTORNEYS for Defendants

April 22, 2021