UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Twanda Marshinda Brown, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Lexington County, South Carolina,<br><br>Defendant. | Civil Action No.<br>3:17-cv-01426-SAL |

**PLAINTIFFS' CONSENT MOTION TO REOPEN
FOR COURT APPROVAL OF CLASS ACTION SETTLEMENT
AND RESOLUTION OF ATTORNEYS' FEES AND COSTS**

Plaintiffs, with the consent of counsel for Lexington County, hereby move for an order reopening this case so that the Court may approve the parties' class action settlement under Rule 23 and determine the amount of attorneys' fees and costs to be awarded to Plaintiffs' counsel.

As the Court is aware, the parties have been working diligently to reach a settlement as to Plaintiffs' remaining claims against Lexington County. On September 15 and 16, 2022, the parties participated in an in-person mediation with mediator and former South Carolina Chief Justice Costa M. Pleicones. The parties were able to reach an agreement on the material terms of a settlement regarding prospective relief and memorialized those in a term sheet signed by counsel. But the parties were unable to begin negotiating the amount of attorneys' fees and costs to be awarded to Plaintiffs' counsel under 42 U.S.C. § 1988. At the request of the parties and the mediator, the Court entered an Order on September 16, ECF No. 321, and an Amended Order on September 19, ECF No. 323, conditionally dismissing the case pending the parties' ability to reach a full settlement within 60 days.

1

The parties immediately began working to schedule a mutually acceptable date to hold another in-person mediation with Chief Justice Pleicones. In the meantime, the parties, with the help of Chief Justice Pleicones, started negotiating the issue of attorneys' fees and costs via telephone and written correspondence. Due solely to numerous scheduling conflicts, the parties were unable to convene an in-person mediation until the week of November 28, which was after the Court's 60-day deadline set forth in the Amended Order of Dismissal, ECF No. 323. Accordingly, Plaintiffs filed a consent motion requesting a 30-day extension of time to work on these issues, ECF No. 334. The Court granted that motion on November 16 and reset the deadline for the parties to reach a full settlement to December 15. ECF No. 335.

On November 30, the parties conducted their third day of in-person mediation with Chief Justice Pleicones. The parties were unable to reach agreement regarding the amount of attorneys' fees and costs to be awarded to Plaintiffs' counsel and ultimately agreed that the issue should be resolved by the Court. Thus, counsel for the parties on November 30 executed an amended Settlement Term Sheet retaining the prospective relief negotiated at the September mediation and agreeing to ask the Court to resolve the amount of attorneys' fees and costs to be awarded to Plaintiffs' counsel. That amended Settlement Term Sheet also provided that the Lexington County Council would be required to approve the settlement no later than its next scheduled meeting on December 13 or the term sheet would become null and void.

On December 13, the Lexington County Council voted to approve the settlement terms set forth in the amended Settlement Term Sheet of November 30. A long-form settlement agreement was negotiated by the parties during the two weeks following the November mediation. On December 15, the parties executed the long-form settlement agreement, which is

attached to this motion for the Court's information, and which also will be submitted to the Court as part of Plaintiffs' motion for preliminary approval.

Accordingly, Plaintiffs move, with the consent of Lexington County's counsel Kenneth P. Woodington, to reopen the case so that the Court may approve the negotiated class action settlement under Rule 23 and determine the amount of attorneys' fees and costs to be awarded to Plaintiffs' counsel. Further, the parties propose the below deadlines to move the final resolution of this case forward in an efficient manner:

| Event | Date |
| --- | --- |
| Deadline for Plaintiffs' Motion for Preliminary Approval | January 27, 2023 |
| Deadline for Plaintiffs' Motion for Attorneys' Fees and Costs | January 27, 2023 |
| Deadline for Defendant's Response to Plaintiffs' Motion for Preliminary Approval | February 28, 2023 |
| Deadline for Defendant's Response to Plaintiffs' Motion for Attorneys' Fees and Costs | February 28, 2023 |
| Deadline for Plaintiffs' Reply in Support of Motion for Preliminary Approval | March 10, 2023 |
| Deadline for Plaintiffs' Reply in Support of Motion for Attorneys' Fees and Costs | March 10, 2023 |

DATED this 15th day of December, 2022.

Respectfully submitted by,

/s/ Allen Chaney
ALLEN CHANEY (Fed. Bar # 13181)
American Civil Liberties Union of South Carolina
P.O. Box 1668
Columbia, South Carolina 29202
Telephone: (843) 282-7953
Email: achaney@aclusc.org

OLGA AKSELROD, *Admitted Pro Hac Vice*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 549-2659
Facsimile: (212) 549-2651
Email: oakselrod@aclu.org

TOBY J. MARSHALL, *Admitted Pro Hac Vice*
ERIC R. NUSSER, *Admitted Pro Hac Vice*
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: tmarshall@terrellmarshall.com
Email: eric@terrellmarshall.com

*Attorneys for Plaintiffs*