— **EXHIBIT 1** —

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

I.      **Recitals.**

      A.      <u>Introduction</u>. This class action settlement agreement and release (the "Settlement Agreement") is entered into by and among Defendant Lexington County, South Carolina ("Lexington County" or the "County"), and Plaintiffs Xavier Larry Goodwin and Raymond Wright, Jr. (the "Class Representatives"), who are acting both individually and in their capacity as representatives of the certified Class with respect to the Sixth Amendment claim for declaratory and injunctive relief brought against the County under 42 U.S.C. § 1983 ("Claim Two") in the action entitled *Twanda Marshinda Brown, et al. v. Lexington County, South Carolina, et al.*, United States District Court for the District of South Carolina, Case No. 3:17-cv-01426-SAL (the "Action").

      B.      <u>Purpose</u>. Plaintiffs Goodwin and Wright, Jr. and Defendant Lexington County (collectively, the "Parties") enter into this Settlement Agreement to bring about a full, complete, and final resolution of Claims Two and Five as set forth in Plaintiffs' Second Amended Complaint, ECF No. 48, at 98–103, 108–12. The Parties agree to settle these claims as they relate to Lexington County under the provisions of this Settlement Agreement, which are set forth in detail below. Plaintiffs Goodwin and Wright, Jr. and counsel for Plaintiffs and the Class judge the Settlement Agreement to provide fair, reasonable, and adequate relief to the Class and to be in the best interests of the Class.

      C.      <u>Investigation and Due Diligence</u>. The Parties have conducted discovery, investigated the facts, and analyzed the law during their respective prosecution and defense of Claims Two and Five in this Action. As part of their investigations, the Plaintiffs' counsel have: (a) interviewed the pertinent witnesses regarding the facts underlying Claims Two and Five; (b) collected, reviewed, and analyzed the pertinent documents concerning the merits and possible extent of Claims Two and Five and the County's defenses; (c) deposed the County's Rule 30(b)(6) designee and several other individual witnesses; (d) engaged in extensive motion practice, including motions for summary judgment; and (e) amply considered and analyzed their respective claims and defenses.

      D.      <u>Mediated Settlement Negotiations</u>. The Parties engaged in settlement negotiations during two separate in-person mediations held before experienced mediator and former South Carolina Chief Justice Costa M. Pleicones (the "Mediator") on September 15 and 16, 2022, as to relief on Claims Two and Five and again on November 30, 2022, as to attorneys' fees and costs related to these claims. These mediation sessions resulted in the Parties' agreement to the material terms set forth in this Settlement Agreement. All of the Parties' settlement negotiations have been conducted in good faith and at arm's length. Through these negotiations, the Parties have reached a class action settlement of this Action that they believe to be fair, adequate, reasonable, and in the best interests of Plaintiffs Goodwin and Wright, Jr. and the Class. This Settlement Agreement memorializes the terms of the final settlement agreed to by the Parties as the result of the negotiations just described.

**II.     Settlement Terms.**

A.     <u>Definitions</u>. In addition to the terms defined elsewhere in this Settlement Agreement, the following terms shall be applicable to the Parties' settlement:

1. The "Class" or "Class Members" shall mean: All indigent people who currently owe, or in the future will owe, fines, fees, court costs, assessments, or restitution in cases handled by Lexington County magistrate courts.

2. "Class Counsel" means the American Civil Liberties Union Foundation, the American Civil Liberties Union Foundation of South Carolina, and Terrell Marshall Law Group PLLC.

3. "Class Representative" or "Class Representatives" shall mean Plaintiffs Xavier Larry Goodwin and Raymond Wright, Jr.

4. The "Effective Date" of this Settlement Agreement shall be the later of either (a) thirty-one (31) days following the Court's entry of an order granting final approval of the settlement or (b) if a timely appeal is made, the date of the final resolution of that appeal and any subsequent appeals resulting in final judicial approval of the Settlement Agreement.

5. "Lexington County Magistrate Court" or "LCMC" shall mean all courts within the Lexington County magistrate court system.

6. "Parties" means Plaintiffs Xavier Larry Goodwin and Raymond Wright, Jr. and Defendant Lexington County, South Carolina.

7. The plural of any defined term includes the singular and the singular of any defined term includes the plural, as the case may be.

B.     <u>Prospective Relief</u>.

Subject to Court approval, Lexington County agrees to provide prospective relief to Plaintiffs Goodwin and Wright, Jr. and the Class as follows:

1. Lexington County shall, within fourteen (14) days after the Effective Date, make a budget appropriation to the 11th Circuit Public Defender sufficient to:

2

  a.  Continue funding for the three existing "Attorney I" positions assigned to the LCMC but increase the starting salaries of each to $60,000 per year;

  b.  Fund two new and additional "Attorney I" positions, whose salaries shall also start at $60,000, to be dedicated exclusively to the LCMC;

  c.  Fund one new "Attorney III" position, to be dedicated exclusively to the LCMC;

  d.  Fund one new "Paralegal" position, to be dedicated exclusively to the LCMC;

  e.  Fund one new "Administrative Assistant II" position, to be dedicated exclusively to the LCMC;

  f.  Fund one new "Investigator" position, to be dedicated exclusively to the LCMC; and

  g.  Fund one new "Social Worker" position, to be dedicated exclusively to the LCMC.

2. Lexington County shall make a new appropriation to the 11th Circuit Public Defender's budget sufficient to fund the positions in Sections II.B.1.a through II.B.1.g in Fiscal Year 2023–2024.

3. Lexington County shall make a new appropriation to the 11th Circuit Public Defender's budget sufficient to fund the positions in Sections II.B.1.a through II.B.1.g in each and every fiscal year thereafter.

4. Lexington County shall not reduce the budget appropriation for the provision of public defense in the LCMC sufficient to fund the positions in Sections II.B.1.a through II.B.1.g in any subsequent fiscal year.

5. Lexington County shall ensure, whether by approving future funding requests or by any other sufficient means, that the Lexington County Public Defender's Office (LCPDO) has sufficient office space, office furniture, and other necessary items (computers, technology, etc.) to accommodate the staffing increases referenced in this Agreement.

6. Lexington County agrees to work in good faith, and in consultation with the LCMC, to provide the LCPDO with ready access to a space in the Lexington

     County Central Magistrate Court sufficient to conduct private, confidential meetings with their clients.

   7. Lexington County agrees to work in good faith to request that the 11th Circuit Public Defender's Office and the LCMC coordinate court schedules so as to maximize the availability of public defenders to LCMC defendants and to reduce the logistical demands on public defenders serving in the LCMC.

  C. <u>Attorneys' Fees and Costs</u>.

Plaintiffs shall submit a request for attorneys' fees and costs to the Court no later than forty-five (45) days after the execution of this Settlement Agreement, and the Court shall resolve such request. Lexington County retains its right to object to the amount of fees and costs but agrees that it shall not, at any stage, dispute that Plaintiffs are eligible to receive fees and costs under 42 U.S.C. § 1988. The Parties' briefing on Plaintiffs' request for fees and costs shall proceed in accordance with Local Civil Rules 7.05, 7.06, 7.07, and 7.08, except that the Parties may submit a proposed briefing schedule to the Court that alters the deadlines set forth in the local rules. After the issuance of a final judgment following appeals, if any, on the issue of attorney's fees and costs, Lexington County shall pay Plaintiffs' attorneys' fees and costs in accordance with any such order and final judgment following appeals, if any, entered by the Court awarding such attorneys' fees and costs.

**III. <u>Release</u>.**

As of the Effective Date of this Settlement Agreement, all Class Members, including Plaintiffs Goodwin and Wright, Jr., do hereby fully and finally release Claims Two and Five as against Defendant Lexington County.

**IV. <u>Preliminary and Final Approval Procedures</u>.**

  A. No later than forty-five (45) days after the execution of this Settlement Agreement, Class Counsel shall file a motion with the Court for a preliminary order approving the Settlement Agreement.

  B. Any final approval hearing will be held on such date as the Court, in its discretion, may order.

  C. In the event this Settlement Agreement is not given final approval in all material respects, the Settlement Agreement shall become null and void. The Parties agree that in such a case, the Parties shall be restored to their respective positions before entering settlement negotiations, and no Party shall be bound by any of the terms of the Settlement Agreement.

**V.     Final Approval Order.**

The Parties shall use their best efforts to secure the Court's issuance of a Final Approval Order. The Final Approval Order shall, among other things:

A.      Approve the Settlement Agreement as fair, adequate, and reasonable, and consistent and in compliance with the applicable provisions of the law; direct the Parties and their counsel to implement and consummate this Settlement Agreement according to its terms and provisions; and declare this Settlement Agreement to be binding on, and have res judicata effect in all pending and future lawsuits or other proceedings encompassed by the Release set forth in Section III of this Settlement Agreement;

B.      Dismiss Claims Two and Five on the merits and with prejudice with respect to Lexington County, without fees or costs to any Party except as provided in this Settlement Agreement;

C.      Incorporate the Release set forth in Section III;

D.      Without affecting the finality of the Final Approval Order and Judgment for the purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, interpretation, and enforcement of this Settlement Agreement and the Final Approval Order, and for any other necessary purpose; and

E.      Incorporate any other provisions as the Court deems necessary and just.

**VI.     Miscellaneous Provisions.**

A.      <u>Effect on Plaintiffs' Other Claims</u>. The Parties agree that Plaintiffs' claims against other Defendants named in Plaintiffs' Second Amended Complaint, ECF No. 48, including those Defendants who, in their official capacities, were later joined in this litigation by way of automatic substitution (*see* ECF Nos. 277, 278) are not affected by this Settlement Agreement.

B.      <u>No Admission of Wrongdoing</u>. Lexington County expressly denies Plaintiffs' allegations, and the Parties hereto acknowledge that the execution of this Settlement Agreement and the consummation of the transactions contemplated herein are made in compromise of disputed claims between the Parties and do not constitute any admission of wrongdoing or liability by any Party under state or federal law, whether or not such claims have been pled in the instant action.

C.      <u>Continuing Jurisdiction</u>. The United States District Court for the District of South Carolina shall have continuing jurisdiction over this Action for the purpose of implementing this Settlement Agreement and all related matters, including preliminary approval of the Settlement

5

Agreement, final approval of the Settlement Agreement, entry of final judgment as to Lexington County, and any post-judgment issues.

D. <u>Reasonable Best Efforts</u>. The Parties agree to undertake their reasonable best efforts, including, without limitation, all efforts contemplated herein, to carry out the terms of this Settlement Agreement. In addition to the documents and other matters specifically referenced in the Settlement Agreement, the Parties agree to execute and/or deliver, or cause to be executed and/or delivered, such other documents and/or other materials necessary to carry out the terms and conditions of this Settlement Agreement, as may be reasonably necessary to effect the obligations contemplated by the Settlement Agreement.

E. <u>Amendments/Modifications</u>. Subject to any power of the Court to order a modification, this Settlement Agreement may be amended or modified only by a written instrument signed by each of the Parties and their respective counsel of record. Amendments and modifications may be made without notice to the Class unless notice is required by law or by the Court.

F. <u>Construction</u>. The terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's-length negotiations between the Parties. This Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of this Settlement Agreement.

G. <u>Counterparts</u>. This Settlement Agreement may be executed in counterparts and by facsimile, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

H. <u>Governing Law</u>. This Settlement Agreement shall be governed by, and interpreted according to, the law of the State of South Carolina without regard to its choice of law provisions.

I. <u>Parties Bound</u>. This Settlement Agreement shall be binding upon and inure to the benefit of Plaintiffs Xavier Larry Goodwin and Raymond Wright, Jr., the Class Members, and Lexington County, and the respective heirs, successors, and assigns of each of the foregoing.

J. <u>No Evidence</u>. In no event shall this Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory, or other proceeding, except (a) in a proceeding to enforce this Settlement Agreement or the relief provided herein, or (b) in the event that this Settlement Agreement is relevant to a claim of res judicata or other preclusion in subsequent litigation, including litigation other than this Action.

K.     <u>No Retaliation</u>. This Agreement shall not be used—by Lexington County, the Lexington County Council, the Lexington County Administrator, or by any other agent thereof—against the 11th Circuit Public Defender or LCPDO. Further, this agreement shall not, in any way, prejudice any future funding request by the 11th Circuit Public Defender. Lexington County, the Lexington County Council, the Lexington County Administrator, and any other agent thereof shall earnestly and in good faith consider any future funding request by the 11th Circuit Public Defender on its own merits.

L.     <u>Calculation of Time</u>. All time listed in this Settlement Agreement is in calendar days unless otherwise noted. Time is calculated by (a) excluding the day of the event that triggers the period; (b) counting every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) including the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

M.     <u>Waiver</u>. The waiver by any Party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether before or after, or contemporaneous with, this Settlement Agreement.

N.     <u>Authority</u>. Each individual signing this Settlement Agreement represents and warrants that he or she has the authority to sign on behalf of the person or entity for which that individual signs.

THE PARTIES HEREBY AGREE TO THE ABOVE SETTLEMENT AGREEMENT BY THE FOLLOWING SIGNATURES:

Plaintiffs:

Date: _____          _____
                                        Xavier Larry Goodwin


Date: _____          _____
                                        Raymond Wright, Jr.

K.  **No Retaliation.** This Agreement shall not be used—by Lexington County, the Lexington County Council, the Lexington County Administrator, or by any other agent thereof—against the 11th Circuit Public Defender or LCPDO. Further, this agreement shall not, in any way, prejudice any future funding request by the 11th Circuit Public Defender. Lexington County, the Lexington County Council, the Lexington County Administrator, and any other agent thereof shall earnestly and in good faith consider any future funding request by the 11th Circuit Public Defender on its own merits.

L.  **Calculation of Time.** All time listed in this Settlement Agreement is in calendar days unless otherwise noted. Time is calculated by (a) excluding the day of the event that triggers the period; (b) counting every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) including the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

M.  **Waiver.** The waiver by any Party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether before or after, or contemporaneous with, this Settlement Agreement.

N.  **Authority.** Each individual signing this Settlement Agreement represents and warrants that he or she has the authority to sign on behalf of the person or entity for which that individual signs.

**THE PARTIES HEREBY AGREE TO THE ABOVE SETTLEMENT AGREEMENT BY THE FOLLOWING SIGNATURES:**

Plaintiffs:

Date: 12/15/22            _____
                          Xavier Larry Goodwin

Date: 12/14/22            _____
                          Raymond Wright, Jr.

Defendant:

Date: _____   _____
                                Lexington County, South Carolina

- 7 -

- 8 -

Approved as to form:

Date: __12/15/2022__          ___[signature]___
                              Allen Chaney
                              AMERICAN CIVIL LIBERTIES UNION
                              FOUNDATION OF SOUTH CAROLINA
                              Counsel for Plaintiffs


Date: _____   _____
                              Kenneth P. Woodington
                              DAVIDSON, WREN & DEMASTERS, P.A.
                              Counsel for Defendant Lexington County,
                              South Carolina

Defendant:

Date: 12-15-22

*Lynn Sturkie* (signature)

Lynn Sturkie
County Administrator
County of Lexington,
South Carolina

Approved as to form:

Date: _____

Allen Chaney
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTH CAROLINA
Counsel for Plaintiffs

Date: 12/15/22

*Kenneth B. Woodington* (signature)

Kenneth P. Woodington
DAVIDSON, WREN & DEMASTERS, P.A.
Counsel for Defendant Lexington County,
South Carolina

8