# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| Twanda Marshinda Brown, et al, ) | Civil Action No. 3:17-1426-SAL |
| ) | |
| Plaintiffs, ) | **MOTION OF** |
| ) | **DEFENDANT LEXINGTON COUNTY TO** |
| v. ) | **REFER TO CERTAIN MEDIATION** |
| ) | **EVENTS** |
| Lexington County, South Carolina, et al., ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

      Defendant Lexington County hereby moves, in an abundance of caution and to ensure compliance with court rules, to be permitted to refer to certain events that occurred during the two mediations in this case, and to present a limited amount of evidence in support of such references. The occasion for this motion is that in two filings in this case, ECF No. 317 and their fee petition, ECF No. 349), Plaintiffs have already provided the Court with their version of what occurred during the mediation, including at least one quotation from a mediation document. ECF No. 317 at 4. Lexington County strongly disagrees with most of Plaintiffs' version of the mediation events. However, in order to provide the Court with a complete and accurate statement of what happened during the mediations, Lexington County does not necessarily object to Plaintiffs' references to mediation events and documents, as long as any response by the County to such references will not be held to run afoul of any Local Rule or Rule of Evidence.

      As discussed more fully at the end of this Motion, Plaintiffs' position is apparently that they do not oppose this motion, but their position is not entirely clear.

The first such potentially-applicable rule is Local Civ. Rule 16.08(C) (D.S.C.), which provides as follows:

> (C) Confidentiality. Communications during the mediation conferences shall be confidential. The parties, their attorneys, and other persons present shall maintain the confidentiality of the mediation and shall not rely on, introduce, or attempt to introduce as evidence in any arbitral, judicial, or other proceeding, any event, document, or communication relating in any way to the mediation.

Local Rule 1.01, however provides that a general federal rule (in this case, F. R. Evid. 408(b), can supersede a local rule:

> 1.01: Scope. These Local Civil Rules of practice shall govern the conduct of the United States District Court for the District of South Carolina, except when the conduct of this court is governed by federal statutes and rules. . . .

In addition, the Court is permitted, "[f]or good cause shown in a particular case, [to] suspend or modify any Local Civil Rule." Local Civ. 1.02 (D.S.C.).

F. R. Evid. 408(b) provides that evidence of such matters as "conduct or a statement made during compromise negotiations about the claim," as referenced in F. R. Evid. 408(a)(1), may be admitted "for another purpose." Here, Plaintiffs have already made such references, alleging among other things that the County did not "meaningfully engage in mediation." ECF No. 349 at 8. Counsel for the Defendant submits that this and other similar assertions misstate the facts. However, rather than submitting evidence that on its face arguably might violate Local Rule 16.08(C), Defendant requests that the Court enter an Order providing that the County can provide references to, and evidence of, mediation events in its Response in Opposition.

Defense counsel consulted with Plaintiffs' counsel prior to the filing of this motion. Their response was that they "can't consent," but also "don't oppose" the motion "at this time. They further stated that they would probably consent to any assertions by the County about mediation if

2

"the assertions remain, as [Plaintiffs'] were, at a high level of generality." However, the rebuttal of Plaintiffs' "general" misstatements requires the County to refer to specific correspondence and events, among other things, that occurred during the two mediations. Having themselves already made references to mediation-related matters that are arguably inadmissible, Plaintiffs should not now be heard to oppose any reference to specific evidence in rebuttal, merely because their own misstatements were "at a high level of generality."

Defendant Lexington County would also request that the Court rule on this motion as soon as possible, in order to provide guidance to the Defendant in preparing its response to the fee petition. That response is due on February 10. Counsel for the County is available for any conference or hearing on this motion that the Court might elect to convene.

        Respectfully submitted,

        DAVIDSON & WREN, P.A.

        *s/ Kenneth P. Woodington*
        William H. Davidson, II, Fed. I.D. No. 425
        Kenneth P. Woodington, Fed. I.D. No. 4741

        DAVIDSON & WREN, P.A.
        Post Office Box 8568
        Columbia, SC 29202-8568
        Telephone: (803) 806-8222
        Facsimile: (803) 806-8855
        E-mail: kwoodington@dml-law.com

        ATTORNEYS for Defendant Lexington County

Columbia, South Carolina

January 25, 2023