UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Twanda Marshinda Brown, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>Lexington County, South Carolina, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No.<br>3:17-cv-01426-SAL |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO REFER TO CERTAIN MEDIATION EVENTS**

Plaintiffs' position on Lexington County's motion "to refer to certain events that occurred during the two mediations in this case," ECF No. 351 at 1, depends entirely on information *not* included in the County's motion. For example, the County fails to explain to which "specific correspondence[s] and events" it would like to refer, for what purpose they should be introduced, and what "other things" it would file. *Id.* at 2. For this reason, as the County acknowledges, Plaintiffs cannot consent to such unlimited relief. *Id.* Because they don't know whether the County intends to offer a narrow and generalized explanation for its refusal to engage in mediation from 2018–2020, or whether it intends to open a Pandora's box of far-reaching and otherwise inadmissible mediation materials, Plaintiffs must object.[1]

If the Court intends to grant the County's request, Plaintiffs propose that it should impose four limitations on the relief sought.

---

[1] Before the County filed its motion, Plaintiffs offered to review the specific information the County sought to introduce to determine whether Plaintiffs would consent to its introduction. The County failed to respond to that offer.

1

First, the Court should make clear that the County is not authorized to violate Federal Rule of Evidence 408.

Second, the Court should order that information exchanged during the Parties' 2022 mediation with former Chief Justice Pleicones, particularly the portion dedicated to mediating attorneys' fees, is not admissible for any purpose. Plaintiffs made only generalized statements in their motion about the process of pre-mediation exchanges, which contained Plaintiffs' settlement offers protected by Fed. R. Evid. 408. And Plaintiffs made no reference in their motion to the events of that in-person mediation.

Third, the Court should instruct the County to confine its use of information arguably covered by Local Civ. Rule 16.08 (D.S.C.) to generalized statements that are specifically responsive and narrowly tailored to the assertions in Plaintiffs' motion for attorneys' fees, ECF No. 350.

Finally, the Court should order that Plaintiffs are authorized to respond to the County's evidence in their Reply with evidence of their own, subject to the same limitations described above.

DATED this 8th day of February, 2023.

Respectfully submitted by,

/s/ Allen Chaney
ALLEN CHANEY (Fed. Bar # 13181)
American Civil Liberties Union of South Carolina
P.O. Box 1668
Columbia, South Carolina 29202
Telephone: (843) 282-7953
Email: achaney@aclusc.org

OLGA AKSELROD, *Admitted Pro Hac Vice*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor

New York, New York 10004
Telephone: (212) 549-2663
Facsimile: (212) 549-2651
Email: oakselrod@aclu.org

TOBY J. MARSHALL, *Admitted Pro Hac Vice*
ERIC R. NUSSER, *Admitted Pro Hac Vice*
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: tmarshall@terrellmarshall.com
Email: eric@terrellmarshall.com

*Attorneys for Plaintiffs*