UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Twanda Marshinda Brown, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Lexington County, South Carolina,<br><br>Defendant. | Civil Action No.<br>3:17-cv-01426-SAL |

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter comes before the court on the parties' Joint Motion for Final Approval of Class Action Settlement, ECF No. 363. On February 14, 2023, this court granted the parties' Joint Motion for Preliminary Approval of Class Action Settlement (Preliminary Order). [ECF No. 360.] The Preliminary Order granted preliminary approval of a proposed Class Action Settlement Agreement between Plaintiffs Xavier Larry Goodwin and Raymond Wright, Jr., acting both individually and in their capacity as representatives of the certified Class, and Defendant Lexington County. [ECF No. 348-2.]

The court convened a final fairness hearing on March 2, 2023, at the Matthew J. Perry Courthouse in Columbia, South Carolina. Present at the hearing were Ms. Olga Akselrod of the American Civil Liberties Union, Mr. Allen Chaney of the ACLU of South Carolina, Messrs. Toby Marshall and Eric Nusser, both of Terrel Mashall Law Group, PLLC, all for Plaintiffs, and Messrs. Kenneth Woodington and William Davidson, II, of Davidson, Wren, and DeMasters PA for Defendant. Having read and considered the documents, papers, and evidence submitted in this

matter and having conducted a hearing on the matters set forth below, the court now finds the settlement is fair and reasonable and orders as follows.

## FINDINGS

"A court must approve a class action settlement because the rights of absent class members are being compromised." William B. Rubenstein, 4 *Newberg and Rubenstein on Class Actions* §13.10 (6th ed. 2022) (citation omitted). The claims of a certified class can be settled with the court's approval "only after a hearing and only on finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "The primary concern addressed by Rule 23(e) is the protection of class members whose rights may not have been given adequate consideration during the settlement negotiations." *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991).

Courts typically employ a three-step process for approving class action settlements: (1) preliminary approval; (2) notice and an opportunity to object to the settlement; and (3) final approval. Rubenstein, *4 Newberg and Rubenstein on Class Actions* §13.39. Steps one and two have been completed, ECF No. 360, and final approval is now ripe for the court's consideration.

Rule 23(e)(2) provides that if a proposed settlement "would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether"

    (A) the class representatives and class counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). See also *In re Lumber Liquidators Chine-Manufactured Flooring Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 952 F.3d 471, 484 (4th Cir. 2020) (noting the test used in the Fourth Circuit prior to the 2018 Amendment to Rule 23 to evaluate fairness, reasonableness, and adequacy of a settlement almost completely overlaps with the current Rule 23(e)(2) factors).

### I.     Class Counsel and Class Plaintiffs Have Adequately Represented the Class

As noted in the Preliminary Order, the court already certified a Class in this case. [ECF No. 227.] The Settlement is on behalf of that certified Class, defined as "All indigent people who currently owe, or in the future will owe, fines, fees, court costs, assessments, or restitution in cases handled by Lexington County magistrate courts." [ECF No. 360 at 1; ECF No. 348-2 at 2 (Settlement Agreement); see also ECF No. 227 at 2 (defining Proposed Class); *id*. at 22 (certifying Proposed Class).] The court has now twice determined that Plaintiffs and their counsel have been adequate representatives of the Class. [See ECF No. 227 at 19-20 (finding adequacy at class certification); ECF No. 360 at 2 (finding at preliminary approval that "Plaintiffs and their counsel have vigorously and adequately represented the Class")]. The court finds this remains true.

### II.    The Settlement is Fair

When evaluating the fairness of a settlement, the court must evaluate the settlement against these criteria: "(1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel." *In re Jiffy Lube*, 927 F.2d at 159. The fairness inquiry ensures that "the settlement was reached as a result of good-faith bargaining at arm's length, without collusion." *Id*. Courts have found that, where a settlement results from genuine arm's-length negotiations, there

is a presumption that it is fair. *See, e.g.*, *City P'ship Co. v. Atlantic Acquisition Ltd. P'Ship*, 100 F.3d 1041, 1043 (1st Cir. 1996).

At preliminary approval, the court applied these factors and found that the Settlement is fair. [*See* ECF No. 360 at 2 (noting "arm's-length negotiations before experienced mediator and former Chief Justice of South Carolina Costa M. Pleicones" and that the parties were "well-informed" at settlement because "discovery was complete" and "the parties' and their counsel's support for the Settlement weighs in favor of approval")]. Throughout the litigation and the settlement process, both sides were represented by experienced counsel who vigorously prosecuted the case and were prepared to go to trial. Thus, the Settlement is procedurally fair.

### III.    The Settlement Terms are Adequate and Reasonable

In assessing the adequacy of the Settlement, the court should look to these factors: "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *In re Jiffy Lube*, 927 F.2d at 159.

Considering factors one through four, the court finds the Settlement is adequate and should be approved. The court previously addressed these factors in the Preliminary Order. [See ECF No. 360 at 2 ("Both parties faced risks by continuing to litigate, including the risk of an adverse ruling, the ongoing expense of litigation, and the likelihood of appeal by the losing party following trial court resolution of the case.")].

At the time of the hearing, neither party nor the court had received an objection to the Preliminary Order. Nearly a week has passed, and no opposition to settlement has been received

4

by the court. Thus, factor five also supports finding that the settlement terms are adequate and reasonable.

### IV.     The Settlement Treats Class Members Equitably

As previously noted in the Preliminary Order, the court finds all members of the Class are treated equally by the Settlement. [See ECF No. 60 at 3. "There is no monetary recovery for Class members, nor any request for service awards by the named Plaintiffs. Thus, all members of the Class will receive the same prospective relief as part of the Settlement." *Id.*]

### V.     The Notice Program Was Adequate

The court finds notice by publication was the best notice practicable under the circumstances. [See ECF No. 360 at 3 ("The court finds that, under the circumstances, publication notice is the preferred form of notice for reaching the largest number of members of the Class and providing them with an opportunity to object to the Settlement or otherwise voice their opinion about it.").] This was accomplished through three separate postings in a paper of wide circulation in the area. [See *id.* (providing instructions regarding notice plan); ECF No. 363-1 at 2 (declaration of Attorney Chaney stating notice was published in The State on February 16, 2023, February 19, 2023, and February 21, 2023); ECF No. 363-1 at 2 (order confirmation from The State re: legal ads).] Although there was a slight mistake in the notice as to the objection deadline, the parties agreed that any objections, regardless of their postmark date, would be considered and addressed at the final approval hearing. The notice informed parties that the fairness hearing was open to the public, but no class members attended. As of the filing of this Order, no objections have been received.

### VI.     The Terms of the Attorneys' Fees and Costs Provision Does Not Prejudice Class Members

Rule 23 of the Federal Rules of Civil Procedure requires this court consider the terms of any proposed award of attorneys' fees in determining whether the settlement is fair and reasonable.

5

The agreement states "Plaintiffs shall submit a request for attorneys' fees and costs to the [c]ourt no later than forty-five (45) days after the execution of this Settlement Agreement, and the [c]ourt shall resolve such request. Lexington County retains its right to object to the amount of fees and costs but agrees that it shall not, at any stage, dispute that Plaintiffs are eligible to receive fees and costs under 42 U.S.C. § 1988." The court finds this proposal is adequate and does not weigh against finding the agreement is fair and reasonable to class members.

The parties briefed the issue of attorneys' fees separately and made arguments before the court immediately after the fairness hearing in this matter. Although the parties dispute the amount of attorneys' fees, both sides seek final approval of the settlement and wish to have the attorneys' fees issue resolved by the court in a later Order. There is no dispute Plaintiffs are entitled to reasonable attorneys' fees under 42 U.S.C. § 1988. The court finds this provision of the agreement adequately addresses the attorneys' fees issue and does not prevent the court from finding the agreement is fair and reasonable.

## FINAL SETTLEMENT APPROVAL

In consideration of the findings set forth above, it is hereby Adjudged, Ordered, and Decreed:

1. This court has jurisdiction over the subject matter of the action, and all matters relating to the settlement, as well as personal jurisdiction over all parties and each of the settlement class members.

2. The Settlement Agreement, ECF No. 348-2, is incorporated by reference in this Order.

3. This courts approves the Settlement Agreement as fair, adequate, and reasonable, and consistent and in compliance with the applicable provisions of the law; directs the Parties and their counsel to implement and consummate this Settlement Agreement according to its terms and provisions; and declares this Settlement Agreement to be binding on, and

have res judicata effect in all pending and future lawsuits or other proceedings encompassed by the Release set forth in Section III of this Settlement Agreement.

4. Claims Two and Five are dismissed on the merits and with prejudice with respect to Lexington County, without fees or costs to any Party except as provided in the Settlement Agreement.

5. Notice given to the Class was reasonably calculated under the circumstances to apprise Class Members of all material elements of the settlement and their opportunity to object to or comment on the settlement and to appear at the fairness hearing. Notice by publication was the best notice practicable under the circumstances and complied fully with the Federal Rules of Civil Procedure and the U.S. Constitution, as well as any other applicable court rules. Accordingly, the court determines all class members are bound by the judgment.

6. All Class Members have released and forever discharge the settled claims. All Class Members are permanently barred and permanently enjoined from asserting or prosecuting the settled claims.

7. Without affecting the finality of this Order for the purposes of appeal, this court retains jurisdiction as to all matters relating to administration, consummation, interpretation, and enforcement of this Settlement Agreement and this Order, and for any other necessary purpose.

8. The issue of attorneys' fees shall be addressed in a separate, subsequent Order.

IT IS SO ORDERED.

                                                           s/ Sherri A. Lydon
                                                           Sherri A. Lydon
                                                           United States District Judge

March 9, 2023
Columbia, South Carolina